1   DAVID CHIU (SBN 189542)
    City Attorney
2   JESSE SMITH (SBN 122517)
    Chief Assistant City Attorney
3   YVONNE R. MERÉ (SBN 173594)
    Chief Deputy City Attorney
4   JULIE VEIT (SBN 209207)
    CHRISTOPHER STUART (SBN 262399)
5   Deputy City Attorneys
    City Hall
6   1 Dr. Carlton B. Goodlett Place
    San Francisco, California 94102-4682
7   Telephone:    (415) 554-4700
    Facsimile:    (415) 554-4757
8   Email: Cityattorney@sfcityatty.org
            Jesse.Smith@sfcityatty.org
9           Yvonne.Mere@sfcityatty.org
            Julie.Veit@sfcityatty.org
10          Christopher.Stuart@sfcityatty.org

11

12  MICHAEL E. DERGOSITS (SBN 118206)
    IGOR SHOIKET (SBN 190066)
13  DERGOSITS & NOAH LLP
    One Embarcadero Center, Suite 720
14  San Francisco, CA 94111
    Telephone: (415) 705-6377
15  Facsimile: (415) 750-6383
    Email: mdergosits@dergnoah.com
16         ishoiket@dergnoah.com

17  Attorneys for Plaintiff
    CITY AND COUNTY OF SAN FRANCISCO
18

19              UNITED STATES DISTRICT COURT

20             NORTHERN DISTRICT OF CALIFORNIA

21  CITY AND COUNTY OF SAN                    Case No. 3:24-cv-02311-TSH
    FRANCISCO,
22                                            **FIRST AMENDED COMPLAINT FOR**
                                              **(1) Trademark Infringement**
23          Plaintiff,                        **(Lanham Act, 15 U.S.C. § 1114)**
                                              **(2) Unfair Competition/False**
24      vs.                                   **Designation of Origin**
                                              **(Lanham Act, 15 U.S.C. § 1125(a))**
25  CITY OF OAKLAND AND PORT OF               **(3) Common Law Trademark**
    OAKLAND,                                  **Infringement**
26
            Defendants.                       **DEMAND FOR JURY TRIAL**
27

28

---

First Amended Complaint for Trademark Infringement
Case No. 3:24-cv-02311-TSH

The Metropolitan Oakland International Airport ("Oakland Airport") seeks to increase passengers and profits by rushing to unlawfully incorporate San Francisco International Airport's ("SFO") trademarked name into its own.  Oakland Airport's actions ignore SFO's longstanding protected mark, brand, and identity, violate federal and state intellectual property law, and disregard the legal infringement and consumer confusion its actions create.  Oakland Airport's hasty and unnecessary efforts and refusal to engage in discussions of alternative names have left the City and County of San Francisco (the "City") no choice but to bring this complaint against Defendant City of Oakland (the "City of Oakland"), which owns Oakland Airport, and Defendant Port of Oakland (the "Port of Oakland"), a department of City of Oakland, which operates Oakland Airport acting by and through the Oakland Board of Port Commissioners (collectively "Defendants"), for (i) federal trademark infringement and false designation of origin and unfair competition violating the Lanham Act, 15 U.S.C. § 1051, *et seq*., and (ii) common law trademark infringement.

The City alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows.

## INTRODUCTION

1.      The Port of Oakland operates an airport that for years has used the name the "Metropolitan Oakland International Airport."  On March 29, 2024, the Port of Oakland issued a press release abruptly announcing its proposal to change the name of Oakland Airport to "San Francisco Bay Oakland International Airport" (the "Infringing Mark") and published an agenda for the Oakland Board of Port Commissioners to vote on the proposal at its regular meeting barely two weeks later on April 11, 2024.  The Port of Oakland notified the City of the intended name change by contacting the Airport Director of SFO ("Airport Director") only 30 minutes before it issued the press release.  The Airport Director immediately expressed significant concern and offered to discuss the matter further, but the Port of Oakland did not respond.

2.      The Port of Oakland has publicly stated that it is merely making a geographic reference and that its main purpose for the name change is to increase passenger traffic at its airport,

First Amended Complaint for Trademark Infringement et al.
Case No. 3:24-cv-02311 TSH

2

create jobs, and boost economic activity in Oakland.  The City supports these goals and wants the Port of Oakland and its airport to thrive for the benefit of the region.  But the City opposes the Port of Oakland's proposed name change that infringes on the City's long-standing and incontestable registered trademark name for SFO.  In particular, the Port of Oakland's proposal to include "San Francisco" at the front of the airport's new name, closely followed by the words "International Airport" is problematic, as it will almost certainly cause confusion among consumers and the public generally.  The potential for confusion will be particularly acute for international travelers who may not speak or read English and comprise an essential part of SFO's consumer base.

3.      Travelers will very likely be confused and book tickets to the unintended airport, thinking that the "San Francisco Bay Oakland International Airport" is SFO and arrive in the wrong place, a mistake leading to missed flights and connections, among other problems.  Other travelers may think there is a business relationship between SFO and Oakland Airport, when there is not.  Use of the Infringing Mark, and the potential for confusion and mistakes, has already started with at least one airline.

4.      The Port of Oakland is hurrying to approve and use the Infringing Mark without pausing to consider reasonable alternative names that could achieve its stated goals while avoiding the confusion it will surely cause.  The City, seeking to avoid the costs of litigation for both sides, has and continues to urge the Port of Oakland to seriously consider such alternatives.  Indeed, the City has offered on multiple occasions to engage in a constructive dialogue to seek such alternatives, ranging from communications from the Airport Director, San Francisco City Attorney David Chiu, and San Francisco Mayor London Breed, to other regional stakeholders, all to no avail.

5.      Instead of engaging with the City or considering reasonable alternatives, the Port of Oakland has publicly doubled down on its defense of the proposed name, moving forward with approving the name change.  At the Oakland Board of Port Commissioners meeting on April 11, 2024, the Commissioners unanimously approved the ordinance to rename the airport on first read. Yet, the Port of Oakland's misplaced resolve does not save its unlawful use.

6.     For these reasons and as explained further below, the City seeks injunctive relief to prevent the Port of Oakland's intended use of the Infringing Mark, which violates the City's recognized rights in its federally registered service mark SAN FRANCISCO INTERNATIONAL AIRPORT.  And because at least one airline has already started using the Infringing Mark, the City also requests an order prohibiting any continued use of the Infringing Mark and requiring the payment of damages to the City under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a) and 15 U.S.C. § 1117(a).  In connection with the requested relief, the City further seeks to recover attorneys' fees and costs.

## PARTIES

7.     The City is a municipal corporation duly organized and existing under the laws of the State of California, with its principal place of business at City Hall, 1 Dr. Carlton Goodlett Place, San Francisco, California 94102-4682.  The City owns SFO.  Under its Charter, the City, acting through its Airport Commission, has at all relevant times had complete authority to use, operate, maintain, manage, regulate, improve, and control SFO.  The City conducts business in California and within this District, providing airport services through SFO to national and international consumers.

8.     The City of Oakland is a municipal corporation duly organized and existing under the laws of the State of California, with its principal place of business at 1 Frank H. Ogawa Plaza, Oakland, CA 94612.  The City of Oakland owns Oakland Airport and the federal trademark registration No. 6156355 for OAKLAND INTERNATIONAL AIRPORT and conducts business in California and within this District.

9.     The Port of Oakland is a department of the City of Oakland with its principal place of business at 530 Water Street, Oakland, California 94607.  Under the City of Oakland's Charter, the Oakland Board of Port Commissioners, appointed by the City of Oakland's City Council, exclusively controls and manages the Port of Oakland.  The Port of Oakland conducts business in California and within this District, providing airport services through Oakland Airport to national and international consumers.

**JURISDICTION AND VENUE**

10.     Under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this court has subject matter jurisdiction over the City's claims for relief for violating the Lanham Act.  Under 28 U.S.C. § 1338(b), this court has supplemental jurisdiction over the City's state law claims because they are joined with substantial and related claims under the Lanham Act.  This court also has supplemental jurisdiction over the City's state law claims under 28 U.S.C. § 1367(a) because all of the City's claims arise out of a common nucleus of operative facts.

11.     This court has personal jurisdiction over Defendants because Defendants reside and maintain their offices in this State.

12.     Venue in this court exists under 28 U.S.C. § 1391(b)(1) and (2), as Defendants reside within this District and a substantial part of the events giving rise to the City's claims occurred within this District.

13.     This is an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2.  This case may also be assigned to the San Francisco Division, as a substantial part of the events giving rise to the alleged claims that occurred in the City and County of San Francisco.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**
**SAN FRANCISCO INTERNATIONAL AIRPORT® Brand**

14.     The City owns, and has obtained, United States federal registration No. 4,189,396 for, the SAN FRANCISCO INTERNATIONAL AIRPORT Mark in class 39 for airport services (the "'396 registration.")  A copy of the Certificate of Registration is attached as Exhibit A.  The Certificate of Registration for the SAN FRANCISCO INTERNATIONAL AIRPORT Mark expressly acknowledges the distinctiveness of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark as having acquired distinctiveness under Section 2(f) of the Lanham Act.

15.     SFO has operated since 1927 and has used the name "San Francisco Airport" or "San Francisco International Airport" for most of its history, making it immediately recognizable to both domestic and international customers.  SFO has invested significant resources to become the successful airport it is today.  The creation of the International Terminal over 20 years ago, along with

major upgrades to almost all SFO terminals since then, helped attract the level of international and domestic long-haul flights that make SFO one of the busiest airports in the United States, having served over 50 million passengers in 2023.

16.     Under 15 U.S.C. § 1065 the City's '396 registration for the SAN FRANCISCO INTERNATIONAL AIRPORT Mark is incontestable.  That incontestability constitutes conclusive evidence of the '396 registration's validity, as well as the City's entitlement to the exclusive use of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark in commerce throughout the United States for the services listed in the '396 registration.

17.     The City has been and is now engaged in the business of airport services under the SAN FRANCISCO INTERNATIONAL AIRPORT Mark.  In fact, the City has used the SAN FRANCISCO INTERNATIONAL AIRPORT Mark in commerce since 1954.  The City's SAN FRANCISCO INTERNATIONAL AIRPORT Mark is well-known and recognized as identifying airport services that originate from SFO.  The City continuously, extensively, and prominently promotes itself and advertises its services using the SAN FRANCISCO INTERNATIONAL AIRPORT Mark through its website, commercial advertisement, social media, public outreach events, popular third-party websites selling passenger airline tickets, and through other means.

18.     Through the City's ongoing activities, the SAN FRANCISCO INTERNATIONAL AIRPORT Mark has become extensively well-known by passengers and the air-travel industry, both nationally and internationally, making it one of the country's most successful airports and winning multiple awards.  The following are just a few examples of awards over the past few years.  In 2022, the Wall Street Journal named SFO the best large U.S. airport, and Airports Council International awarded SFO the award for best customer experience as selected by passengers.  In 2023, SFO was named a 2023 Routes Americas award winner for its success developing new airlines and destinations, and was also named the Best Airport for Food in America by the readers of Food & Wine magazine. A complete list of SFO's awards can be found at https://www.flysfo.com/about-sfo/awards.

**The Port of Oakland's Unauthorized Attempts to Use the
SAN FRANCISCO INTERNATIONAL AIRPORT Mark**

19.    As explained above, on March 29, 2024, the Port of Oakland issued a press release announcing that it would be renaming Oakland Airport to "San Francisco Bay Oakland International Airport."

20.    Just 30 minutes before issuing its press release announcing the change to the Infringing Mark, the Port of Oakland reached out to the Airport Director.  The Airport Director immediately expressed significant concern, requested information on the basis for the proposed renaming, and offered to discuss the matter further.  But the Port of Oakland did not respond.

21.    Since that announcement, the Airport Director, other City officials and regional stakeholders have formally expressed opposition and serious concerns about the proposed name change.  City and regional stakeholders have repeatedly offered to engage in a constructive dialogue to seek concrete alternatives to the Port of Oakland's intended use of the Infringing Mark.  Some of the collective efforts are detailed below:

- On April 1, 2024, the Airport Director sent a letter to the Port of Oakland, opposing the proposal and requesting that Port of Oakland not proceed.  (A copy of the letter is attached as Exhibit B.)

- On April 2, 2024, the San Francisco Board of Supervisors adopted a resolution opposing the proposal.  (A copy of the letter is attached as Exhibit C.)

- On April 8, 2024, San Francisco Mayor London Breed sent a letter to the Port of Oakland opposing the proposal.  (A copy of the letter is attached as Exhibit D.)

- On April 8, 2024, the San Francisco City Attorney sent a letter calling for the Port of Oakland to cancel its plan to approve the name change, inviting the Port of Oakland to meet with SFO to consider alternatives, and threatening legal action if the Port of Oakland moved forward with the proposal given the violations to the City's intellectual property rights that would occur if the Port of Oakland continued to proceed.  (A copy of the letter is attached as Exhibit E.)

- On April 8, 2024, the Airport Director reached out again to the Port of Oakland Executive Director to discuss the proposed airport name change and engage in a collaborative effort to find a reasonable alternative.

- On April 9, 2024, the San Mateo County Board of Supervisors adopted a resolution opposing the proposal.  (SFO is located in San Mateo County.)

- On April 10, 2024, the Executive Director of the Bay Area Council, a non-profit organization of leading employers in the Bay Area dedicated to public policy and advocacy efforts to improve the economic health of the region, emailed both the Airport Director and the Executive Director of the Port of Oakland to request that the Port of Oakland continue the matter in the spirit of cooperation to identify alternatives that do not amplify confusion for travelers.

22.     While the Port of Oakland has not responded to any of the City's requests for discussion, the Port of Oakland has publicly claimed, among other things, that the Infringing Mark merely denotes Oakland Airport's geographic location and is not an attempt to divert or confuse consumers.  But the Port of Oakland's claim is not tenable because it has proposed to use the term "San Francisco" at the beginning of Oakland Airport's proposed new name, as part of a brand or trademark in the new airport name, and not merely as a geographic indicator.

23.     Despite these vigorous efforts by the City and others, the Port of Oakland continues to rush to use the Infringing Mark, appearing to ignore the City's and others' concerns and refusing to engage with the City to discuss potential collaborative measures and alternative names that would not infringe on the City's SAN FRANCISCO INTERNATIONAL AIRPORT Mark.  Reasonable alternatives exist that could still advance the Port of Oakland's goals of increasing passenger traffic at its airport, creating jobs, and boosting economic activity.

24.     On April 11, 2024, at the Oakland Board of Port Commissioners' meeting, the Port of Oakland heard public comment both opposing and supporting the proposal, including requests for a continuance due to the rushed process and the lack of sufficient public outreach on the proposal. Despite the repeated requests to collaborate and continue the item to consider alternatives, the Port of Oakland approved the first reading of the ordinance to rename the airport the "San Francisco Bay Area Oakland International Airport," and scheduled the vote to approve the second reading of the ordinance at its regular meeting scheduled for May 9, 2024, purportedly to allow for stakeholder engagement, even though it has refused to engage with the City since it announced its renaming plan.

25.     Because of the Port of Oakland's failure to respond to the City's concerns, and the Port of Oakland's continued expressed intention to use the Infringing Mark, the City was compelled to bring this suit.

**The Port of Oakland's Continuing Infringement and Unlawful Conduct**
**Confuses Consumers and the General Public,**
**and Harms the City**

26.     In light of the City's senior and superior rights in the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, the City believes that consumers will very likely be confused about where Oakland Airport is located and believe that the airport services provided by the Port of Oakland through Oakland Airport are endorsed, approved, or sponsored by, or affiliated, connected, or associated with, the City, which they are not.

27.     Specifically, the Port of Oakland's plan to place "San Francisco" at the front of its new airport name will only cause confusion among consumers and the public generally.  Travelers will very likely be confused and book tickets to the unintended airport, thinking that the "San Francisco Bay Oakland International Airport" is SFO and arrive in the wrong place, which would lead to missed flights and connections.  Also, travelers may book travel to one airport, and mistakenly make reservations for rental cars at the other.  Because the airports are about 30 miles apart, separated by the San Francisco Bay, arriving at the unintended airport would likely result in delays and entirely missed flights, as well as additional costs to get from one airport to the other should a traveler make such a mistake.  These mistakes will cause frustration and financial loss for those travelers to the serious detriment of both airports, the region, and the consuming public.

28.     Also, the San Francisco Bay Area Rapid Transit ("BART") public transportation system, which connects the two airports, uses "San Francisco" as a direction in which trains travel. Consumers are very likely to be confused about which train to take when the San Francisco International Airport and the proposed "San Francisco Bay Oakland International Airport" are on different ends of a rail line.

29.     On information and belief, this consumer confusion may have already occurred and will very likely continue to occur unless the Port of Oakland ends its proposal to use the Infringing Mark or this court issues an order enjoining that use.

30.     At least one airline had already adopted and used the Infringing Mark.  Azores Airlines used the Infringing Mark in connection with flight reservations as shown below.




31.     When a website user entered "San Francisco" into the "From" or "To" fields for flight information, the Azores Airlines drop down menu displayed "San Francisco" and right below it, the Infringing Mark.  In the eyes of the consuming public, this type of adjacent presentation of the two airports would very likely cause confusion about the location of Oakland Airport, resulting in many travelers ending up at the unintended airport, and confused as to whether Oakland Airport is affiliated with, endorsed, or sponsored by SFO.  This type of confusing commercial use is exactly what the City is attempting to prevent by this action.

32.     The Port of Oakland does not have authorization, license, or permission from the City to conduct any business including marketing and selling its airport services under the Infringing Mark. Those airport services are identical or highly related to the airport services associated with SFO.

33.     The Port of Oakland's use of the Infringing Mark to attract unwitting travelers to Oakland Airport will allow Defendants to unfairly reap the benefits of the City's reputation and goodwill associated with the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, while very likely causing widespread consumer confusion, financial detriment to the City, and harm to consumers.

34.     The Port of Oakland's intended use of the confusingly similar Infringing Mark in commerce violates the City's valuable intellectual property rights in the SAN FRANCISCO INTERNATIONAL AIRPORT Mark and the '396 registration.  The Port of Oakland's knowing, intentional, and willful use of this mark harms the City and the City's property.

35.     The Port of Oakland intends to use the Infringing Mark to unfairly usurp and capitalize on the value and goodwill of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark and the '396 registration.  The Port of Oakland has been and is aware of the City's strong trademark rights and reputation in the marketplace, but nevertheless, intends to use the Infringing Mark to profit from the goodwill associated with the SAN FRANCISCO INTERNATIONAL AIRPORT Mark and the '396 registration.

36.     The Port of Oakland's conduct will intentionally and knowingly capitalize off of confusion between the SAN FRANCISCO INTERNATIONAL AIRPORT Mark and the Infringing Mark by providing substantially similar airport services to the same consumers, as described above.

37.     To protect its intellectual property rights in the face of the Port of Oakland's rushed decision to use the Infringing Mark, the City had to retain outside counsel and incur substantial fees and costs (and it continues to incur those fees and costs) to prosecute this suit and pursue its claims.

38.     The City's interest in protecting its intellectual property rights and its products and services from consumer confusion outweighs any potential harm to Defendants.  As mentioned above, there are reasonable alternatives available to the Port of Oakland to promote the interests of

Defendants which avoid the confusion that the current proposal is very likely to cause with its

resultant harm to consumers, the public, and the City.  Accordingly, the public would be well served

by this court granting the City's requested preliminary and permanent injunctive relief to prevent the

Port of Oakland from proceeding with its proposed name change to the Infringing Mark.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement – 15 U.S.C. § 1114

39.     The City incorporates by reference the factual allegations set forth above.

40.     The City owns the '396 registration.  The SAN FRANCISCO INTERNATIONAL

AIRPORT Mark reflected in the '396 registration is strong and distinctive and designates the City as

the source of all services advertised, marketed, sold, or used in connection with the SAN

FRANCISCO INTERNATIONAL AIRPORT Mark.

41.     The City is the senior user of the SAN FRANCISCO INTERNATIONAL AIRPORT

Mark, as it began use of that mark in interstate commerce before the Port of Oakland's intended

adoption and use of the confusingly similar Infringing Mark.

42.     Defendants do not have authorization, license, or permission from the City to conduct

any business including marketing and selling its services under the Infringing Mark that are identical

or highly related to the airport services associated with SFO.  Defendants' use of the Infringing Mark

is very likely to cause consumer confusion as to the location of Oakland Airport and/or any

sponsorship, endorsement or affiliation with SFO, which there is not.

43.     Defendants are aware of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark

and the '396 registration as Defendants are on constructive notice based on the City's federal

registration, and are on actual notice from the City's numerous recent direct communications with the

Port of Oakland about this matter before the Port of Oakland voted to approve on first read the

ordinance allowing Oakland Airport's name change to include the term "San Francisco" to proceed.

(See Exhibits B-E.)  Yet, the Port of Oakland has continued to seek to adopt and use its Infringing

Mark.  Thus, Defendants' intended unauthorized use of the confusingly similar Infringing Mark is knowing, intentional, and willful, constituting trademark infringement.

44.     As a direct and proximate result of Defendants' wrongful conduct, the City has been and will continue to be harmed.

45.     Unless this court issues preliminary and permanent injunction orders preventing Defendants' use of the confusingly similar Infringing Mark, such use is very likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will irreparably harm the City.

46.     Defendants' activities will cause irreparable harm to the City, for which it has no adequate remedy at law, because: (i) the SAN FRANCISCO INTERNATIONAL AIRPORT Mark and the '396 registration comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement interferes with the City's goodwill and consumer relationships and substantially harms and will continue to substantially harm the City's reputation as a source of high-quality services; and (iii) Defendants' wrongful conduct, and the harm resulting to the City, are continuing.  Accordingly, the City is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116(a).

47.     Under 15 U.S.C. § 1117(a), the City is entitled to an order awarding: (i) to the City any and all profits of Defendants derived from its infringing actions to be increased in accordance with the applicable provisions of law; and (ii) all harm sustained by the City that were caused by Defendants' unlawful conduct.

48.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); accordingly, the City is entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)

49.     The City incorporates by reference the factual allegations set forth above.

50.     The SAN FRANCISCO INTERNATIONAL AIRPORT Mark is strong and distinctive and designates the City as the source of all goods and services advertised, marketed, sold, or used in connection with that mark.

51.     The City is the senior user of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, as it began use of that mark in interstate commerce decades before any intended use by Defendants of the confusingly similar Infringing Mark.

52.     Defendants were aware of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark because Defendants were on constructive notice based on the City's '396 federal registration, and is on actual notice resulting from the City's numerous direct communications with the Port of Oakland about this matter (See Exhibits B-E).  Yet, the Port of Oakland has continued to adopt and intends to use the Infringing Mark.  Thus, Defendants' unauthorized intended use of the confusingly similar Infringing Mark is knowing, intentional, and willful.

53.     Through its attempted/intended use of the confusingly similar Infringing Mark, the Port of Oakland intends to, and will very likely, confuse, misrepresent, create the false impression, and mislead consumers into believing that Oakland Airport is located in San Francisco or that the City somehow authorized, originated, sponsored, approved, licensed, or participated in the Port of Oakland's intended use of the Infringing Mark.

54.     In fact, there is no business connection, association, or licensing relationship between SFO and Oakland Airport, nor has the City ever authorized, licensed, or given permission to Defendants to use the Infringing Mark in any manner.

55.     The Port of Oakland's intended use of the Infringing Mark will likely cause confusion as to the origin and authenticity of airport services provided by Port of Oakland through Oakland Airport and related goods and services, and will very likely cause others to believe that there is a relationship between Oakland Airport and SFO when there is, in fact, not.  The Port of Oakland's intended use of the Infringing Mark will very likely cause consumer confusion when travelers arriving at the unintended airport will miss flights, be unable to make travel connections, and incur delays and

costs to get to their intended destination after arriving at a different location than planned, frustrating those travelers to the detriment of both airports and the consuming public.

56.     As a direct and proximate result of Defendants' wrongful conduct, the City has been and will be further harmed.

57.     Defendants' actions constitute false designation of origin and unfair competition under federal law.

58.     Defendants' activities have caused, and will continue to cause, irreparable harm to the City, for which it has no adequate remedy at law, in that: (i) the SAN FRANCISCO INTERNATIONAL AIRPORT Mark comprises a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes interference with the City's goodwill and customer relationships and will substantially harm the City's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the harm resulting to the City, are continuing.  Accordingly, the City is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116(a).

59.     Under 15 U.S.C. § 1117(a), the City is entitled to an order awarding: (i) to the City any and all profits of Defendants derived from its infringing actions to be increased in accordance with the applicable provisions of law; and (ii) all harms sustained by the City that were caused by Defendants' unlawful conduct.

60.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); accordingly, the City is entitled to an award of attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**Common Law Trademark Infringement**

61.     The City incorporates by reference the factual allegations set forth above.

62.     The City has valid and protectable common law rights in the SAN FRANCISCO INTERNATIONAL AIRPORT Mark.

63.     The City is the senior user of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark.

64.     Defendants' conduct constitutes infringement of the City's common law rights in the SAN FRANCISCO INTERNATIONAL AIRPORT Mark.

65.     Defendants' intended unauthorized use of the confusingly similar Infringing Mark on its goods and services is very likely to cause confusion as to the origin of Defendant's goods and services and is very likely to cause others to believe that there is a relationship between Oakland Airport and SFO when there is not.

66.     Defendants' wrongful acts will permit them to receive substantial profits based upon the strength of the City's reputation and the substantial goodwill it has built up in the SAN FRANCISCO INTERNATIONAL AIRPORT Mark.

67.     As a direct and proximate result of Defendants' wrongful conduct, the City has been and will continue to be harmed.

68.     Unless this court issues a preliminary and permanent injunction preventing any continuing or future use of the Infringing Mark by Defendants, such continuing or future use is very likely to continue to cause confusion and thereby irreparably harm the City.  The City has no adequate remedy at law.  Accordingly, the City is entitled to preliminary and permanent injunctive relief.

**PRAYER FOR RELIEF**

1.     An injunction ordering Defendants, and their officers, directors, members, agents, employees, and attorneys, and all other persons acting in concert or participating with them, including, but not limited to, airlines, rental car companies, and travel booking companies (collectively, the "Enjoined Parties"), who receive actual notice of the injunction order by personal or other service, to:

a.   cease all use and never use the Infringing Mark, the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, or any other mark likely to cause confusion with the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, including any misspelling or variation of those marks, in, on, or with any products or services, or in connection with the, advertising, marketing, or other promotion, distribution, offering for sale, or sale, of any products or services;

b.  never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the Enjoined Parties is in any manner associated or connected with the City, or are licensed, approved, or authorized in any way by the City;

c.  never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that the Enjoined Parties, or any of its products or services, are related to, or authorized or sponsored by, the City;

d.  never register any domain name that contains the SAN FRANCISCO INTERNATIONAL AIRPORT Mark or any misspelling or variation of that Mark, or any domain name confusingly similar to the SAN FRANCISCO INTERNATIONAL AIRPORT Mark;

e.  transfer to the City all domain names in the Enjoined Parties' possession, custody, or control that are confusingly similar to or contain any of the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, or were used in connection with the Infringing Mark;

f.  never unfairly compete with the City in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing the SAN FRANCISCO INTERNATIONAL AIRPORT Mark or any other mark likely to cause confusion with the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, including any misspelling or variation of that Mark; and

g.  never apply for or seek to register the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, or any other mark likely to cause confusion with the SAN FRANCISCO INTERNATIONAL AIRPORT Mark, including any misspelling or variation of that Mark.

First Amended Complaint for Trademark Infringement       17
et al.
Case No. 3:24-cv-02311 TSH

2.      An order, under 15 U.S.C. § 1118, requiring the Enjoined Parties to deliver and destroy within 30 days all prints, advertising, packaging, goods, and other materials bearing the Infringing Mark.

3.      An order under 15 U.S.C. § 1116(a), directing the Enjoined Parties to file with the court and serve upon the City's counsel, within 30 days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which the Enjoined Parties have complied with the injunction.

4.      To give practical effect to the Court's injunction, an order that the Registry or Registrar for any of the foregoing domain names shall, within 14 days of receipt of the Order, transfer or otherwise assign those subject domain names to the City if the Enjoined Parties have not already done so.

5.      An order finding that, by the acts complained of above, Defendants have infringed the City's federally trademark '396 registration in violation of 15 U.S.C. § 1114.

6.      An order finding that, by the acts complained of above, Defendants have created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

7.      An order finding that, by the acts complained of above, Defendants have engaged in common law trademark infringement.

8.      An order under 15 U.S.C. § 1117(a), awarding the City: (i) any and all profits of Defendants derived from its infringing actions to be increased in accordance with the applicable provisions of law; and (ii) all harms sustained by the City that were caused by Defendants' unlawful conduct.

9.      An order under 15 U.S.C. § 1117(a), finding that this is an exceptional case and awarding the City its reasonable attorneys' fees and costs.

10.     An order under 15 U.S.C. § 1117(a), awarding the City all of its costs, disbursements, and other expenses incurred due to Defendants' unlawful conduct.

///

///

11.     An order awarding the City such other relief as the Court deems appropriate.

Dated: May 3, 2024                    DERGOSITS & NOAH LLP


                                      By:     /s/Michael E. Dergosits
                                              Michael E. Dergosits
                                              Igor Shoiket
                                              Attorneys for Plaintiff
                                              CITY AND COUNTY OF
                                              SAN FRANCISCO

1

**JURY DEMAND**

Under Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, Plaintiff hereby demands a trial by jury for all issues so triable.


Dated:  May 3, 2024                            DERGOSITS & NOAH LLP


                                        By:  /s/Michael E. Dergosits
                                             Michael E. Dergosits
                                             Igor Shoiket
                                             Attorneys for Plaintiff
                                             CITY AND COUNTY OF
                                             SAN FRANCISCO

# CERTIFICATE OF SERVICE

First Amended Complaint for trademark Infringement et al.

I certify that on 3 May 2024 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

I further certify that a copy of the foregoing document(s) was *electronically mailed* and *mailed via U.S. Mail* :

*Christina Lum, Esq.*
*Deputy City Attorney*
*Office of Oakland City Attorney Barbara J. Parker*
*City Hall, 6th Floor*
*1 Frank Ogawa Plaza*
*Oakland, California 94612*
*clum@oaklandcityattorney.org*

*Mary C. Richardson, Esq.*
*Port Attorney*
*Port of Oakland*
*530 Water Street*
*Oakland, California 94607*
*mrichardson@portofoakland.com*

*/S/Michael E. Dergosits*
*Michael E. Dergosits*

# EXHIBIT A



# United States of America
## United States Patent and Trademark Office

# SAN FRANCISCO
# INTERNATIONAL AIRPORT

**Reg. No. 4,189,396**   CITY AND COUNTY OF SAN FRANCISCO (CALIFORNIA MUNICIPAL CORPORATION)
PO BOX 8097
**Registered Aug. 14, 2012**   SAN FRANCISCO, CA 94128

**Int. Cl.: 39**   FOR: AIRPORT SERVICES, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 8-27-1954; IN COMMERCE 8-27-1954.

**SERVICE MARK**

**PRINCIPAL REGISTER**   THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INTERNATIONAL AIRPORT",
APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-421,298, FILED 9-13-2011.

GEOFFREY FOSDICK, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> **First Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> **Second Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# EXHIBIT B



San Francisco International Airport

April 1, 2024

Barbara Leslie
President, Oakland Board of Port Commissioners
30 Water Street
Oakland, CA 94607

**TRANSMITTED VIA EMAIL**
*bleslie@portoakland.com*

**SUBJECT: Proposed Renaming of Metropolitan Oakland International Airport**

Dear President Leslie:

San Francisco International Airport (SFO) formally objects to the proposed renaming of Metropolitan Oakland International Airport (OAK) to "San Francisco Bay Oakland International Airport" (File ID: 094-24), scheduled for consideration at the April 11, 2024 meeting of the Oakland Board of Port Commissioners.

As you know, SFO is among the largest airports in the United States, having served over 50 million passengers in 2023, and has operated under the name "San Francisco Airport" or "San Francisco International Airport" since 1927 — making it immediately recognizable to customers. We have built on this brand success for decades and are opposed to OAK using any form of the historic and geographically significant name "San Francisco" in its name.

SFO is owned and operated by the City and County of San Francisco, and San Francisco owns U.S. federal registrations for the marks SAN FRANCISCO INTERNATIONAL AIRPORT (Reg. No. 4,189,396) and the code SFO together with the Airport's logo or design (Reg. No. 3,329, 780). Given this legal brand standing and the associated name recognition in air transportation, we anticipate the proposed change considered by the Port of Oakland Commission for OAK will cause confusion for the public, either through a misunderstanding of its physical location or relationship to SFO.

SFO formally requests that you not proceed with any name change for OAK that would use the name "San Francisco".

Very truly yours,

Ivar C. Satero
Airport Director

cc:   Mayor London N. Breed, City and County of San Francisco
      Mayor Sheng Thao, City of Oakland
      San Francisco Airport Commissioners
      Oakland Board of Port Commissioners
      Danny Wan, Executive Director, Port of Oakland
      Craig Simon, Interim Aviation Director, Port of Oakland

AIRPORT COMMISSION  CITY AND COUNTY OF SAN FRANCISCO

LONDON N. BREED        MALCOLM YEUNG     EVERETT A. HEWLETT, JR.   JANE NATOLI     JOSE F. ALMANZA     MARK BUELL        IVAR C. SATERO
MAYOR                  PRESIDENT         VICE PRESIDENT                                                                  AIRPORT DIRECTOR

Post Office Box 8097   San Francisco, California 94128   Tel 650.821.5000   Fax 650.821.5005   www.flysfo.com

# EXHIBIT C

FILE NO.  240329                              RESOLUTION NO.

1   [Opposing Proposed Renaming of the Metropolitan Oakland International Airport]

2

3   **Resolution opposing the proposed renaming of the Metropolitan Oakland International**

4   **Airport to "San Francisco Bay Oakland International Airport" and urging the Port of**

5   **Oakland Commission to reject any name change that would use the name "San**

6   **Francisco."**

7

8           WHEREAS, The Port of Oakland Commission will be considering an ordinance to

9   approve the renaming of "Metropolitan Oakland International Airport" (OAK) to "San Francisco

10  Bay Oakland International Airport" on April 11, 2024, which they unexpectedly announced the

11  Friday before spring break when many students would be flying, and also without any

12  advance notice to San Francisco officials who will be on legislative recess next week; and

13          WHEREAS, The San Francisco International Airport (SFO) is owned by the City and

14  County of San Francisco, and is among the largest airports in the United States, having

15  served over 50 million passengers in 2023; and

16          WHEREAS, SFO has operated since 1927, and has used the name "San Francisco

17  Airport" or "San Francisco International Airport" for most of its history, making it immediately

18  recognizable to customers; and

19          WHEREAS, San Francisco owns U.S. federal registrations for the marks SAN

20  FRANCISCO INTERNATIONAL AIRPORT (Reg. No. 4,189,396) and the code SFO together

21  with the Airport's logo or design (Reg. No. 3,329,780); and

22          WHEREAS, Given this long history of SFO ownership, and the strong associated name

23  and brand recognition in air transportation, the proposal to rename OAK to "San Francisco

24  Bay Oakland International Airport" will cause significant confusion for the travelling public and

25

Supervisors Peskin; Chan, Melgar, Walton, Engardio, Safai, Ronen, Dorsey
**BOARD OF SUPERVISORS**                                                      Page 1

1   others, as well as potential economic impacts for businesses that have products delivered by

2   plane, either through a misunderstanding of its physical location or relationship to SFO; and

3           WHEREAS, As a major international gateway, this concern is heightened when

4   considering the large number of international travelers who do not speak or read English,

5   potentially compounding the confusion; now, therefore, be it

6           RESOLVED, That the Board of Supervisors of the City and County of San Francisco is

7   opposed to the renaming of OAK to "San Francisco Bay Oakland International Airport;" and,

8   be it

9           FURTHER RESOLVED, That the Board of Supervisors urgently requests that the Port

10   of Oakland Commission reject any name change for OAK that would use the historically and

11   geographically significant name "San Francisco" in any way; and, be it

12           FURTHER RESOLVED, That the Board of Supervisors is committed to collaborating

13   across the Bay to uplift the collective and mutual best interests of all its Bay Area neighboring

14   cities, including Oakland and San Jose; and, be it

15           FURTHER RESOLVED, That the Clerk of the Board of Supervisors is directed to

16   transmit copies of this resolution to the Port of Oakland's Board of Commissioners, as an

17   expression of San Francisco's strong opposition to the proposed renaming.

18

19

20

21

22

23

24

25

# EXHIBIT D

OFFICE OF THE MAYOR
SAN FRANCISCO



LONDON N. BREED
MAYOR

April 8, 2024

Barbara Leslie
President, Oakland Board of Port Commissioners
30 Water Street
Oakland, CA 94607

**RE: Proposed Renaming of Metropolitan Oakland International Airport – OPPOSE**

Dear President Leslie,

On behalf of the City and County of San Francisco, I write to oppose the proposed renaming of Metropolitan Oakland International Airport (OAK) to "San Francisco Bay Oakland International Airport," scheduled for consideration at the April 11, 2024 meeting of the Oakland Board of Port Commissioners.

The San Francisco International Airport (SFO) has operated since 1927 and its name is immediately recognizable to visitors from all over the world.  Last year, 50 million passengers walked through its doors and experienced the results of the significant investments we have made to make SFO the airport it is today. The creation of the International Terminal over twenty years ago, along with major upgrades to almost all SFO terminals, attract the level of international and domestic flights that draw Airlines that want to operate and grow at SFO.

Given SFO's stellar brand standing and associated name recognition in air transportation, this misguided proposal will cause confusion for the public, either through a misunderstanding of physical location or the airport's relationship to SFO. As a major international gateway, this concern would be compounded when considering an audience of travelers for whom English is not their first language.

We encourage Oakland Airport to follow a similar model to SFO and grow its airport services rather than adding "San Francisco" to its name. Oakland is a great city with a rich history. Many of my friends live there, many of our city workers commute from there, and I always enjoy visiting our neighbor across the bay. It is rich in culture and wonderful people and has its own unique identity. It does not need the name San Francisco as part of its airport to stand out.

I formally oppose Oakland International Airport changing its name in any way that would incorporate "San Francisco" into its airport name.

Sincerely,

London N. Breed
Mayor

# EXHIBIT E



CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

Direct Dial:   (415) 554-4748
Email:          luis.zamora@sfcityatty.org

April 8, 2024

Barbara Leslie, President, Oakland Board of Port Commissioners
Members of the Oakland Board of Port Commissioners
Danny Wan, Executive Director
Mary C. Richardson, Port Attorney
Port of Oakland
530 Water Street
Oakland, CA 94607

Craig Simon
Interim Director of Aviation
Metropolitan Oakland International Airport
One Airport Drive
Oakland, CA 94621

Re:    Request to Reconsider the Proposed Renaming of Metropolitan Oakland
        International Airport to Avoid Legal Action

Dear President Leslie, Members of the Board of Port Commissioners, Executive Director Wan,
Interim Aviation Director Simon, and Port Attorney Richardson:

My Office represents the City and County of San Francisco (the "City"), including the
Office of the Mayor, the Board of Supervisors, and the Airport Commission, which operates San
Francisco International Airport ("SFO").

I write to join the City's strong objections to the proposed renaming of Metropolitan
Oakland International Airport to "San Francisco Bay Oakland International Airport," scheduled
for consideration at the April 11, 2024 meeting of the Oakland Board of Port Commissioners.
(See Mayor London Breed's April 8, 2024 letter; Airport Director Ivar C. Satero's April 1, 2024
letter; and the San Francisco Board of Supervisors' resolution, adopted April 2, 2024. Copies of
these documents are attached.)

I further request that the Oakland Board of Port Commissioners promptly cancel its plans
to rename its airport as currently proposed and consider a different name that does not include
the words "San Francisco." Should you continue in these efforts, I intend to pursue legal action
to prevent your use of the proposed new name.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Barbara Leslie, President, Oakland Board of Port Commissioners
Members of the Oakland Board of Port Commissioners
Danny Wan, Executive Director
Mary C. Richardson, Port Attorney
Port of Oakland
530 Water Street
Oakland, CA 94607

Craig Simon
Interim Director of Aviation
Metropolitan Oakland International Airport
One Airport Drive
Oakland, CA 94621
Page 2
April 8, 2024

As you know, SFO is one of the busiest airports in the world, serving more than 50 million domestic and international passengers in 2023. SFO began operations almost a century ago in 1927, and has used the name "San Francisco Airport" or "San Francisco International Airport" throughout most of its history. The names "San Francisco Airport" and "San Francisco International Airport" are famous and highly recognizable among consumers in connection with the airport services that only SFO provides.

The City owns U.S. federal trademark registrations for the marks "San Francisco International Airport" (Reg. No. 4,189,396) and the International Air Transport Association assigned airport code SFO together with SFO's Design Registration (Reg. No. 3,329,780). The City has held these registrations for such a long time that they have become incontestable under federal law. That means they constitute conclusive evidence of the validity of the marks as well as the City's exclusive rights to use the marks. Indeed, there is and only ever has been one airport in the United States that uses "San Francisco" in its name.

Given SFO's long history with the name "San Francisco International Airport" (and previously "San Francisco Airport"), its high recognition in the marketplace, and its trademark status, the proposed new name will be very highly likely to cause confusion or mistake among consumers and the public generally. That very high risk of confusion or mistake is because consumers will either misunderstand Oakland International Airport's physical location (i.e., that it's in San Francisco rather than Oakland) or mistakenly believe that there is a formal relationship or connection between the two airports that does not exist.

More specifically, the proposed new name "San Francisco Bay Oakland International Airport" incorporates the entirety of the City's registered mark, with the first two words of the proposed name (i.e., "San Francisco") being identical and most prominent. The location of "San Francisco" at the beginning of the name further enhances the very high likelihood of consumer and public confusion. Oakland International Airport's published statements suggest that it chose to include the term "San Francisco" in its new name to intentionally divert travelers who may be unfamiliar with the relevant geography and lead them to believe that the Oakland International Airport is located in San Francisco or has a business relationship with SFO, which it does not.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Barbara Leslie, President, Oakland Board of Port Commissioners
Members of the Oakland Board of Port Commissioners
Danny Wan, Executive Director
Mary C. Richardson, Port Attorney
Port of Oakland
530 Water Street
Oakland, CA 94607

Craig Simon
Interim Director of Aviation
Metropolitan Oakland International Airport
One Airport Drive
Oakland, CA 94621
Page 3
April 8, 2024

While the proposed new name is very likely to cause confusion and mistakes broadly, the problem will be particularly acute for an audience of international travelers who may not speak or read English. Those international travelers comprise an essential part of SFO's consumer base.

For all these reasons, based on the undisputed similarity and the resulting very high likelihood of confusion between the City's registered trademark "San Francisco International Airport" and the proposed "San Francisco Bay Oakland International Airport," if you proceed with the proposed renaming, the City has strong legal claims, including, among others, federal trademark infringement and federal trademark dilution claims, and related common law and state claims for trademark infringement, that we intend to bring in court against the Port of Oakland, as a department of the City of Oakland.

Accordingly, on behalf of the City, including SFO, I request that the Port of Oakland promptly cancel its announced plans to change the name of Metropolitan Oakland International Airport to "San Francisco Bay Oakland International Airport," and consider alternatives to achieve its stated goals of increasing consumer patronage and value that avoid infringing on the City's registered trademark. I invite the Port of Oakland staff to consult with SFO staff, who are prepared to work collaboratively on alternative names that would not create confusion for consumers and the public. If the Port of Oakland instead elects to proceed with the proposed name change, then unfortunately the City will have no choice other than to pursue necessary legal action.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Barbara Leslie, President, Oakland Board of Port Commissioners
Members of the Oakland Board of Port Commissioners
Danny Wan, Executive Director
Mary C. Richardson, Port Attorney
Port of Oakland
530 Water Street
Oakland, CA 94607

Craig Simon
Interim Director of Aviation
Metropolitan Oakland International Airport
One Airport Drive
Oakland, CA 94621
Page 4
April 8, 2024

Very truly yours,

*David Chiu*

DAVID CHIU
City Attorney


encl:   April 1, 2024 Letter from SFO Airport Director Ivar C. Satero to President Leslie
        April 2, 2024 San Francisco Board of Supervisors Resolution
        April 8, 2024 Letter from Mayor Breed to President Leslie


cc:     Mayor London Breed
        SFO Airport Director Ivar C. Satero
        San Francisco Airport Commission
        San Francisco Board of Supervisors



OFFICE OF THE MAYOR
SAN FRANCISCO

LONDON N. BREED
MAYOR

April 8, 2024

Barbara Leslie
President, Oakland Board of Port Commissioners
30 Water Street
Oakland, CA 94607

**RE: Proposed Renaming of Metropolitan Oakland International Airport – OPPOSE**

Dear President Leslie,

On behalf of the City and County of San Francisco, I write to oppose the proposed renaming of Metropolitan Oakland International Airport (OAK) to "San Francisco Bay Oakland International Airport," scheduled for consideration at the April 11, 2024 meeting of the Oakland Board of Port Commissioners.

The San Francisco International Airport (SFO) has operated since 1927 and its name is immediately recognizable to visitors from all over the world.  Last year, 50 million passengers walked through its doors and experienced the results of the significant investments we have made to make SFO the airport it is today. The creation of the International Terminal over twenty years ago, along with major upgrades to almost all SFO terminals, attract the level of international and domestic flights that draw Airlines that want to operate and grow at SFO.

Given SFO's stellar brand standing and associated name recognition in air transportation, this misguided proposal will cause confusion for the public, either through a misunderstanding of physical location or the airport's relationship to SFO. As a major international gateway, this concern would be compounded when considering an audience of travelers for whom English is not their first language.

We encourage Oakland Airport to follow a similar model to SFO and grow its airport services rather than adding "San Francisco" to its name. Oakland is a great city with a rich history. Many of my friends live there, many of our city workers commute from there, and I always enjoy visiting our neighbor across the bay. It is rich in culture and wonderful people and has its own unique identity. It does not need the name San Francisco as part of its airport to stand out.

1 DR. CARLTON B. GOODLETT PLACE, ROOM 200
SAN FRANCISCO, CALIFORNIA 94102-4681
TELEPHONE: (415) 554-6141

I formally oppose Oakland International Airport changing its name in any way that would incorporate "San Francisco" into its airport name.

Sincerely,

London N. Breed
Mayor



San Francisco International Airport

April 1, 2024

Barbara Leslie                                    **TRANSMITTED VIA EMAIL**
President, Oakland Board of Port Commissioners    *bleslie@portoakland.com*
30 Water Street
Oakland, CA 94607

**SUBJECT: Proposed Renaming of Metropolitan Oakland International Airport**

Dear President Leslie:

San Francisco International Airport (SFO) formally objects to the proposed renaming of Metropolitan Oakland International Airport (OAK) to "San Francisco Bay Oakland International Airport" (File ID: 094-24), scheduled for consideration at the April 11, 2024 meeting of the Oakland Board of Port Commissioners.

As you know, SFO is among the largest airports in the United States, having served over 50 million passengers in 2023, and has operated under the name "San Francisco Airport" or "San Francisco International Airport" since 1927 — making it immediately recognizable to customers. We have built on this brand success for decades and are opposed to OAK using any form of the historic and geographically significant name "San Francisco" in its name.

SFO is owned and operated by the City and County of San Francisco, and San Francisco owns U.S. federal registrations for the marks SAN FRANCISCO INTERNATIONAL AIRPORT (Reg. No. 4,189,396) and the code SFO together with the Airport's logo or design (Reg. No. 3,329, 780). Given this legal brand standing and the associated name recognition in air transportation, we anticipate the proposed change considered by the Port of Oakland Commission for OAK will cause confusion for the public, either through a misunderstanding of its physical location or relationship to SFO.

SFO formally requests that you not proceed with any name change for OAK that would use the name "San Francisco".

Very truly yours,

Ivar C. Satero
Airport Director

cc:   Mayor London N. Breed, City and County of San Francisco
      Mayor Sheng Thao, City of Oakland
      San Francisco Airport Commissioners
      Oakland Board of Port Commissioners
      Danny Wan, Executive Director, Port of Oakland
      Craig Simon, Interim Aviation Director, Port of Oakland

AIRPORT COMMISSION  CITY AND COUNTY OF SAN FRANCISCO

| LONDON N. BREED | MALCOLM YEUNG | EVERETT A. HEWLETT, JR. | JANE NATOLI | JOSE F. ALMANZA | MARK BUELL | IVAR C. SATERO |
| MAYOR | PRESIDENT | VICE PRESIDENT | | | | AIRPORT DIRECTOR |

Post Office Box 8097   San Francisco, California 94128   Tel 650.821.5000   Fax 650.821.5005   www.flysfo.com

FILE NO.  240329                                RESOLUTION NO.

1   [Opposing Proposed Renaming of the Metropolitan Oakland International Airport]

2

3   **Resolution opposing the proposed renaming of the Metropolitan Oakland International**

4   **Airport to "San Francisco Bay Oakland International Airport" and urging the Port of**

5   **Oakland Commission to reject any name change that would use the name "San**

6   **Francisco."**

7

8          WHEREAS, The Port of Oakland Commission will be considering an ordinance to

9   approve the renaming of "Metropolitan Oakland International Airport" (OAK) to "San Francisco

10   Bay Oakland International Airport" on April 11, 2024, which they unexpectedly announced the

11   Friday before spring break when many students would be flying, and also without any

12   advance notice to San Francisco officials who will be on legislative recess next week; and

13          WHEREAS, The San Francisco International Airport (SFO) is owned by the City and

14   County of San Francisco, and is among the largest airports in the United States, having

15   served over 50 million passengers in 2023; and

16          WHEREAS, SFO has operated since 1927, and has used the name "San Francisco

17   Airport" or "San Francisco International Airport" for most of its history, making it immediately

18   recognizable to customers; and

19          WHEREAS, San Francisco owns U.S. federal registrations for the marks SAN

20   FRANCISCO INTERNATIONAL AIRPORT (Reg. No. 4,189,396) and the code SFO together

21   with the Airport's logo or design (Reg. No. 3,329,780); and

22          WHEREAS, Given this long history of SFO ownership, and the strong associated name

23   and brand recognition in air transportation, the proposal to rename OAK to "San Francisco

24   Bay Oakland International Airport" will cause significant confusion for the travelling public and

25

Supervisors Peskin; Chan, Melgar, Walton, Engardio, Safai, Ronen, Dorsey
**BOARD OF SUPERVISORS**                                             Page 1

1   others, as well as potential economic impacts for businesses that have products delivered by

2   plane, either through a misunderstanding of its physical location or relationship to SFO; and

3        WHEREAS, As a major international gateway, this concern is heightened when

4   considering the large number of international travelers who do not speak or read English,

5   potentially compounding the confusion; now, therefore, be it

6        RESOLVED, That the Board of Supervisors of the City and County of San Francisco is

7   opposed to the renaming of OAK to "San Francisco Bay Oakland International Airport;" and,

8   be it

9        FURTHER RESOLVED, That the Board of Supervisors urgently requests that the Port

10   of Oakland Commission reject any name change for OAK that would use the historically and

11   geographically significant name "San Francisco" in any way; and, be it

12        FURTHER RESOLVED, That the Board of Supervisors is committed to collaborating

13   across the Bay to uplift the collective and mutual best interests of all its Bay Area neighboring

14   cities, including Oakland and San Jose; and, be it

15        FURTHER RESOLVED, That the Clerk of the Board of Supervisors is directed to

16   transmit copies of this resolution to the Port of Oakland's Board of Commissioners, as an

17   expression of San Francisco's strong opposition to the proposed renaming.

18

19

20

21

22

23

24

25