|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CITY AND COUNTY OF SAN FRANCISCO, | Case No. 3:24-cv-02311-TSH |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| CITY OF OAKLAND AND PORT OF OAKLAND, | Date: October 24, 2024<br>Time: 10:00 AM<br>Courtroom: E – 15th Floor<br>Trial Date: (None Set) |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

The Court, having considered Plaintiff City and County of San Francisco's ("Plaintiff" or the "City") Motion for Preliminary Injunction (the "Motion"), the declarations and exhibits filed in support thereof, the Complaint, all other papers and briefing submitted in opposition to or in support of the Motion, and the parties' respective arguments at the hearing on the matter, and good cause appearing, it is hereby ordered that the Motion is **GRANTED**.

**THE COURT HEREBY FINDS THAT** each of the elements necessary for issuance of a preliminary injunction in favor of the City is satisfied.

1. It is more likely than not that the City will succeed on the merits of its claims against Defendants City of Oakland ("Oakland Defendant") and Port of Oakland ("Port Defendant" or the "Port", and together referred to as "Oakland" or "Defendants") under 15 U.S.C. §§ 1114 and 1125 and California common law of the City's federally registered SAN FRANCISCO INTERNATIONAL AIRPORT trademark covering airport services.

2. The City is entitled to a presumption, and has otherwise established, that it will suffer irreparable harm in the absence of an injunction on the terms set forth below, and Oakland has failed to rebut that presumption.

3. The balance of the equities favors Plaintiff and the grant of a preliminary injunction. An injunction does not threaten Defendants with any legally cognizable harm. By contrast, the City faces significant and irreparable harm if Oakland's infringing activities are allowed to continue.

4. Granting the preliminary injunction would serve the public interest by avoiding customer confusion.

Accordingly, **THE COURT HEREBY ORDERS** as follows:

1. Defendants and each of their officers, directors, employees, agents, representatives, and those acting in concert with any of them, are temporarily restrained and enjoined from:

    a. offering for sale, advertising, marketing, promoting, or sponsoring airport services using the name or trademark SAN FRANCISCO BAY OAKLAND INTERNATIONAL– in any form whatsoever, oral or written;

      b.    offering for sale, advertising, marketing, promoting, or sponsoring airport services using any other name, mark, or designation that imitates or is confusingly similar to the City's federally registered and incontestable mark SAN FRANCISCO INTERNATIONAL AIRPORT;

      c.    using any false designation of origin or false description or statement which can or is likely to lead the public to erroneously believe that any good or service has been provided, produced, distributed, offered, sold, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for the City, when such is not true in fact;

      d.    engaging in any other activity constituting an infringement of the SAN FRANCISCO INTERNATIONAL AIRPORT trademark, or of the City's rights in, or to use or exploit, the trademark under federal or common law; and

      e.    assisting, aiding, or abetting any other person, business, entity (including government entity) in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

2.    Without limiting the foregoing, Defendants shall immediately remove or cause to be removed all advertising, marketing or promotional materials, or other collateral bearing, referencing, featuring, or including the SAN FRANCISCO BAY OAKLAND INTERNATIONAL name or mark, including on signage, sponsored ads, and from all websites and social media accounts owned or operated by Defendants or on their behalf.

3.    Within three (3) Court days of issuance of this Order, Defendant Port shall distribute and disseminate a copy of this Order to all of its officers, directors, employees, agents, representatives, or anyone else acting on behalf of or in concert with the Port in committing the acts of infringement specified in the Motion, including without limitation those persons operating websites owned or operated by the Port or on its behalf, airline partners, and OTAs.

**IT IS SO ORDERED.**

Dated: _____, 2024        By: _____
                                                Magistrate Judge Thomas S. Hixson