# EXHIBIT Y

| | | | |
|---|---|---|---|
| Generated on: | This page was generated by TSDR on 2024-09-17 03:48:16 EDT | | |
| Mark: | AMERICAN AIRLINES | | AMERICAN AIRLINES |
| US Serial Number: | 86488996 | Application Filing Date: | Dec. 23, 2014 |
| US Registration Number: | 4939082 | Registration Date: | Apr. 19, 2016 |
| Register: | Principal | | |
| Mark Type: | Service Mark | | |
| TM5 Common Status Descriptor: |  | LIVE/REGISTRATION/Issued and Active  The trademark application has been registered with the Office. | |
| Status: | A Sections 8 and 15 combined declaration has been accepted and acknowledged. | | |
| Status Date: | Jul. 06, 2022 | | |
| Publication Date: | Feb. 02, 2016 | | |

# Mark Information

| | |
|---|---|
| Mark Literal Elements: | AMERICAN AIRLINES |
| Standard Character Claim: | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| Mark Drawing Type: | 4 - STANDARD CHARACTER MARK |
| Disclaimer: | "AIRLINES" |
| Acquired Distinctiveness Claim: | In whole |

# Related Properties Information

| | |
|---|---|
| International Registration Number: | 1266184 |
| International Application(s) /Registration(s) Based on this Property: | A0047386/1266184 |
| Claimed Ownership of US Registrations: | 514294, 1845693, 2054132 and others |

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| For: | Sales promotion; promoting the goods and services of others by means of a loyalty program, discount program, and an incentive awards program whereby purchase points are earned or awarded for purchases made from vendor subscribers or travel conducted by member subscribers which can then be redeemed for merchandise and travel; online retail store services featuring gift cards and private club membership; promoting the goods and services of others by means of providing an on-line shopping mall with links to the retail web sites of others in the field of books, computers, software, office supplies, consumer electronics, music, sporting and recreational equipment, gifts, travel items, apparel, jewelry, health and beauty, toys, travel, home and garden-related items, and general retail merchandise | | |
| International Class(es): | 035 - Primary Class | U.S Class(es): | 100, 101, 102 |

| | |
|---|---|
| **Class Status:** ACTIVE | |
| **Basis:** 1(a) | |
| **First Use:** Apr. 20, 1981 | **Use in Commerce:** Apr. 20, 1981 |

| | |
|---|---|
| **For:** | Repair and maintenance of aircraft, vehicles, aircraft-related facilities, baggage-related facilities, and air travel-related facilities; refueling of aircraft and land vehicles; ground support services in the field of air transportation, namely, aircraft de-icing services, aircraft interior and exterior cleaning, and sanitation |
| **International Class(es):** 037 - Primary Class | **U.S Class(es):** 100, 103, 106 |
| **Class Status:** ACTIVE | |
| **Basis:** 1(a) | |
| **First Use:** 1934 | **Use in Commerce:** 1934 |

| | |
|---|---|
| **For:** | Air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, namely, coordinating travel arrangements for individuals and for groups, providing air transportation reservation services for others, providing vehicle reservation services for others, providing cruise reservation services for others, and providing vacation reservation services by means of a global computer network, namely, coordinating travel arrangements for individuals and for groups; providing information in the field of travel by means of a global computer network; providing lounge facilities, namely, airport services featuring transit lounge facilities for passenger relaxation and also including shower facilities |
| **International Class(es):** 039 - Primary Class | **U.S Class(es):** 100, 105 |
| **Class Status:** ACTIVE | |
| **Basis:** 1(a) | |
| **First Use:** 1934 | **Use in Commerce:** 1934 |

| | |
|---|---|
| **For:** | Providing online electronic publications, namely, online magazines and online newsletters in the field of general interest; publication of magazines; providing in-flight entertainment services, namely, providing passengers with entertainment services in the form of providing in-flight entertainment services, namely, providing movies, radio and radio programs, music, documentaries, music videos, news and information in the field of sports, live and recorded television programs, e-books, tablets, video and online games, and children's programming, all by means of an inflight entertainment system; providing in-flight entertainment services, namely, providing passengers with entertainment services in the form of providing in-flight entertainment services, namely, providing movies, radio and radio programs, music, documentaries, music videos, news and information in the field of sports, live and recorded television programs, e-books, tablets, video and online games, and children's programming, all by means of a personal computer or tablet |
| **International Class(es):** 041 - Primary Class | **U.S Class(es):** 100, 101, 107 |
| **Class Status:** ACTIVE | |
| **Basis:** 1(a) | |
| **First Use:** Sep. 1997 | **Use in Commerce:** Sep. 1997 |

| | |
|---|---|
| **For:** | Food and drink catering; providing food and beverage services in conjunction with providing facilities in the form of a private club for conducting business, meetings and conferences; providing conference room facilities, food and beverage lounge facilities, and amenities, namely, food, drink, catering, and restaurant; providing hotel reservation and coordination services for others by means of a global computer network; travel agency services, namely, making reservations and booking for temporary lodging; entertainment services, namely, providing a general purpose arena facility for sports, entertainment, trade shows, exhibitions and conventions |
| **International Class(es):** 043 - Primary Class | **U.S Class(es):** 100, 101 |
| **Class Status:** ACTIVE | |
| **Basis:** 1(a) | |
| **First Use:** 1939 | **Use in Commerce:** 1939 |

## Basis Information (Case Level)

| | |
|---|---|
| **Filed Use:** Yes | **Currently Use:** Yes |
| **Filed ITU:** No | **Currently ITU:** No |
| **Filed 44D:** No | **Currently 44D:** No |
| **Filed 44E:** No | **Currently 44E:** No |
| **Filed 66A:** No | **Currently 66A:** No |
| **Filed No Basis:** No | **Currently No Basis:** No |

## Current Owner(s) Information

**Owner Name:** American Airlines, Inc.

**Owner Address:** MD 8B503
1 Skyview Drive
Fort Worth, TEXAS UNITED STATES 76155

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** DELAWARE

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Eric J. Maiers | **Docket Number:** | 177306.06910 |
| **Attorney Primary Email Address:** | CHIIPMAIL@GTLAW.COM | **Attorney Email Authorized:** | Yes |

### Correspondent

**Correspondent Name/Address:** Eric J. Maiers
Greenberg Traurig, LLP
77 W. Wacker Drive
Suite 3100
Chicago, ILLINOIS UNITED STATES 60601

| | | | |
|---|---|---|---|
| **Phone:** | 312.456.8400 | **Fax:** | 312.456.8435 |
| **Correspondent e-mail:** | CHIIPMAIL@GTLAW.COM  matthewsk@gtlaw.com brousseauj@gtlaw.com maierse@gtlaw.com | **Correspondent e-mail Authorized:** | Yes |

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Sep. 14, 2023 | NOTICE OF SUIT | |
| Aug. 08, 2022 | NOTICE OF SUIT | |
| Jul. 28, 2022 | NOTICE OF SUIT | |
| Jul. 06, 2022 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED | |
| Jul. 06, 2022 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | |
| Jun. 29, 2022 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | |
| Jan. 25, 2022 | TEAS SECTION 8 & 15 RECEIVED | |
| Aug. 20, 2021 | NOTICE OF SUIT | |
| Apr. 19, 2021 | COURTESY REMINDER - SEC. 8 (6-YR) E-MAILED | |
| Mar. 19, 2020 | NOTICE OF SUIT | |
| Oct. 01, 2018 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Oct. 01, 2018 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Jan. 08, 2018 | REVIEW OF CORRESPONDENCE COMPLETE - INFORMATION MADE OF RECORD | |
| Dec. 29, 2017 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED-FIRM RETAINS | |
| Apr. 19, 2016 | REGISTERED-PRINCIPAL REGISTER | |
| Feb. 02, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Feb. 02, 2016 | PUBLISHED FOR OPPOSITION | |
| Jan. 13, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Dec. 29, 2015 | LAW OFFICE PUBLICATION REVIEW COMPLETED | |
| Dec. 17, 2015 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Dec. 17, 2015 | EXAMINER'S AMENDMENT ENTERED | |
| Dec. 17, 2015 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | |
| Dec. 17, 2015 | EXAMINERS AMENDMENT E-MAILED | |
| Dec. 17, 2015 | EXAMINERS AMENDMENT -WRITTEN | |
| Dec. 17, 2015 | PREVIOUS ALLOWANCE COUNT WITHDRAWN | |
| Dec. 01, 2015 | WITHDRAWN FROM PUB - OG REVIEW QUERY | |
| Nov. 13, 2015 | LAW OFFICE PUBLICATION REVIEW COMPLETED | |
| Nov. 06, 2015 | ASSIGNED TO LIE | |
| Sep. 28, 2015 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Sep. 28, 2015 | EXAMINER'S AMENDMENT ENTERED | |
| Sep. 28, 2015 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | |

| | |
|---|---|
| Sep. 28, 2015 | EXAMINERS AMENDMENT E-MAILED |
| Sep. 28, 2015 | EXAMINERS AMENDMENT -WRITTEN |
| Sep. 11, 2015 | TEAS/EMAIL CORRESPONDENCE ENTERED |
| Sep. 10, 2015 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| Sep. 10, 2015 | TEAS RESPONSE TO OFFICE ACTION RECEIVED |
| Mar. 11, 2015 | NOTIFICATION OF NON-FINAL ACTION E-MAILED |
| Mar. 11, 2015 | NON-FINAL ACTION E-MAILED |
| Mar. 11, 2015 | NON-FINAL ACTION WRITTEN |
| Mar. 09, 2015 | ASSIGNED TO EXAMINER |
| Dec. 31, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Dec. 26, 2014 | NEW APPLICATION ENTERED |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** TMEG LAW OFFICE 105    **Date in Location:** Jul. 06, 2022

## Assignment Abstract Of Title Information

**Summary**

**Total Assignments:** 1    **Registrant:** American Airlines, Inc.

### Assignment 1 of 1

**Conveyance:** SECURITY INTEREST
**Reel/Frame:** 7061/0605    **Pages:** 47
**Date Recorded:** Sep. 25, 2020
**Supporting Documents:** assignment-tm-7061-0605.pdf

**Assignor**

**Name:** AMERICAN AIRLINES, INC.    **Execution Date:** Sep. 25, 2020
**Legal Entity Type:** CORPORATION    **State or Country Where Organized:** DELAWARE

**Assignee**

**Name:** WILMINGTON TRUST, NATIONAL ASSOCIATION, AS COLLATERAL AGENT
**Legal Entity Type:** NATIONAL BANKING ASSOCIATION    **State or Country Where Organized:** UNITED STATES
**Address:** 50 SOUTH SIXTH STREET, SUITE 1290
MINNEAPOLIS, MINNESOTA 55402

**Correspondent**

**Correspondent Name:** MILBANK LLP
**Correspondent Address:** 55 HUDSON YARDS
ATTN: NATHANIEL T. BROWAND
NEW YORK, NY 10001-2163

**Domestic Representative - Not Found**

## Proceedings

**Summary**

**Number of Proceedings:** 7

### Type of Proceeding: Opposition

**Proceeding Number:** 91284747    **Filing Date:** May 02, 2023
**Status:** Consolidated/Child Case    **Status Date:** Oct 16, 2023
**Interlocutory:** ANDREW P BAXLEY

| | |
|---|---|
| **To:** | American Airlines, Inc. (Officeactions@brinksgilson.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86488996 - AMERICAN AIRLINES - 12901/4356 |
| **Sent:** | 3/11/2015 3:37:30 PM |
| **Sent As:** | ECOM105@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |

UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 86488996

**MARK:** AMERICAN AIRLINES

**\*86488996\***

**CORRESPONDENT ADDRESS:**
   ANDREW J. AVSEC
   BRINKS GILSON & LIONE
   P.O. BOX 10395
   CHICAGO, IL 60610

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** American Airlines, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
   12901/4356
**CORRESPONDENT E-MAIL ADDRESS:**
   Officeactions@brinksgilson.com

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 3/11/2015**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SEARCH OF OFFICE'S DATABASE OF MARKS**

The trademark examining attorney has searched the Office's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).

**SUMMARY OF ISSUES**

Summary of issues that applicant must address:

- Primarily geographically descriptive refusal
- Inquiry on origin of the services
- Identification of services

**PRIMARILY GEOGRAPHICALLY DESCRIPTIVE REFUSAL**

Registration is refused because the applied-for mark is primarily geographically descriptive of the origin of applicant's goods and/or services. Trademark Act Section 2(e)(2), 15 U.S.C. §1052(e)(2); *see* TMEP §§1210, 1210.01(a).

A mark is primarily geographically descriptive when the following is demonstrated:

> (1) The primary significance of the mark is a generally known geographic place or location;
>
> (2) The goods and/or services for which applicant seeks registration originate in the geographic place identified in the mark; and
>
> (3) Purchasers would be likely to make a goods-place or services-place association; that is, purchasers would be likely to believe that the goods and/or services originate in the geographic place identified in the mark.

TMEP §1210.01(a); *see In re Societe Generale des Eaux Minerales de Vittel S.A.*, 824 F.2d 957, 959, 3 USPQ2d 1450, 1452 (Fed. Cir. 1987); *In re Hollywood Lawyers Online*, 110 USPQ2d 1852, 1853 (TTAB 2014).

The addition of generic or highly descriptive wording to a geographic word or term does not diminish that geographic word or term's primary geographic significance. TMEP §1210.02(c)(ii); *see, e.g.*, *In re Hollywood Lawyers Online*, 110 USPQ2d 1852, 1853-54 (TTAB 2014) (holding HOLLYWOOD LAWYERS ONLINE primarily geographically descriptive of attorney referrals, online business information, and an online business directory); *In re Cheezwhse.com, Inc.*, 85 USPQ2d 1917, 1920 (TTAB 2008) (holding NORMANDIE CAMEMBERT primarily geographically descriptive of cheese).

When AMERICA or AMERICAN appears in a mark such that it primarily denotes the country of the United States as the origin of the goods and/or services, then the primary significance is as a geographic location. *See In re Monograms Am., Inc.*, 51 USPQ2d 1317 (TTAB 1999); *In re BankAmerica Corp.*, 231 USPQ 873 (TTAB 1986); *Am. Diabetes Ass'n, Inc. v. Nat'l Diabetes Ass'n* , 533 F. Supp. 16, 214 USPQ 231 (E.D. Pa. 1981), *aff'd* , 681 F.2d 804 (3d Cir. 1982); TMEP §1210.02(b)(iv).

When there is no genuine issue that the geographical significance of a term is its primary significance, and the geographical place is neither obscure nor remote, a public association of the goods and/or services with the place is presumed if an applicant's goods and/or services originate in the place named in the mark. TMEP §1210.04; *see, e.g., In re Cal. Pizza Kitchen Inc.*, 10 USPQ2d 1704, 1706 (TTAB 1988) (holding CALIFORNIA PIZZA KITCHEN primarily geographically descriptive of restaurant services rendered in California); *In re Handler Fenton Ws., Inc.*, 214 USPQ 848, 849-50 (TTAB 1982) (holding DENVER WESTERNS primarily geographically descriptive of western-style shirts originating in Denver).

Here, the applied for mark is AMERICAN AIRLINES  promotion and retail services featuring travel, repair and maintenance of aircraft, transportation support services, air transport services, in-flight entertainment services and online publications, making bookings for temporary lodging, and food and drink catering.

The word AMERICAN means of or relating to the United States and denotes the country of the United States as the origin of the services. *See* attached definition.  The word AIRLINES means an organization providing air transportation services. *See* attached definition.  Taken together, the wording is geographically descriptive of air transportation and related services that originate in the United States.

**Acquired Distinctiveness Advisory and Disclaimer Requirement**

The application record indicates that applicant has used its mark for a long time; therefore, applicant can seek registration on the Principal Register under Trademark Act Section 2(f), based on acquired distinctiveness. *See* 15 U.S.C. §1052(f); TMEP §1212.05.

To amend the application to Section 2(f) based on five years' use, applicant should submit the following written statement claiming acquired distinctiveness, if accurate:

> **The mark has become distinctive of the goods and/or services through applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.**

TMEP §1212.05(d).  Applicant must verify this statement with an affidavit or signed declaration under 37 C.F.R. §2.20.  37 C.F.R. §2.41(b); TMEP §1212.05(d); *see* 37 C.F.R. §2.193(e)(1).

Applicant is advised that, if the application is amended to seek registration on the Principal Register under Trademark Act Section 2(f) or on the Supplemental Register, applicant will be required to disclaim "AIRLINES" because such wording appears to be generic in the context of applicant's goods and/or services.   *See* 15 U.S.C. §1056(a); *In re Wella Corp.*, 565 F.2d 143, 144, 196 USPQ 7, 8 (C.C.P.A. 1977); *In re Creative Goldsmiths of Wash., Inc.*, 229 USPQ 766, 768 (TTAB 1986); TMEP §1213.03(b).

The following is the standardized format for a disclaimer:

> **No claim is made to the exclusive right to use "AIRLINES" apart from the mark as shown.**

TMEP §1213.08(a)(i).


## ORIGIN OF THE SERVICES INQUIRY

Applicant must provide a written statement specifying where the goods and/or services come from or originate.  *See* 37 C.F.R. §2.61(b); *In re AOP LLC*, 107 USPQ2d 1644, 1650-51 (TTAB 2013); *In re Cheezwhse.com, Inc.*, 85 USPQ2d 1917, 1919 (TTAB 2008); *In re Planalytics, Inc.*, 70 USPQ2d 1453, 1457-58 (TTAB 2004); TMEP §§814, 1210.03.  Failure to comply with a request for information can be grounds for refusing registration.  *In re AOP LLC*, 107 USPQ2d at 1651; *In re DTI P'ship LLP* , 67 USPQ2d 1699, 1701-02 (TTAB 2003); TMEP §814.


## IDENTIFICATION OF SERVICES

The wording used to describe the services is indefinite and must be clarified because it frequently lacks the specificity required by the Office is or missing a few words that clarifies the identification.  *See* TMEP §1402.01.  The USPTO has the discretion to determine the degree of particularity needed to clearly identify goods and/or services covered by a mark.  *In re Fiat Grp. Mktg. & Corp. Commc'ns S.p.A* , 109 USPQ2d 1593, 1597 (TTAB 2014) (citing *In re Omega SA*, 494 F.3d 1362, 1365, 83 USPQ2d 1541, 1543-44 (Fed. Cir. 2007)).  Accordingly, the USPTO requires the description of goods and/or services in a U.S. application to be specific, definite, clear, accurate, and concise.  TMEP §1402.01; *see In re Fiat Grp. Mktg. & Corp. Commc'ns S.p.A* , 109 USPQ2d at 1597-98; *Cal. Spray-Chem. Corp. v. Osmose Wood Pres. Co. of Am.*, 102 USPQ 321, 322 (Comm'r Pats. 1954).


Suggested amendments appear below in bold, explanatory information appears in brackets and is not part of the identification, and matter to be deleted, if any, is underlined. Please note that these amendments are illustrative and not exhaustive. Applicant should refer to the identification manual referenced below for further guidance.


Applicant may adopt the following identification of services, if accurate:

> Class 035:  Sales promotion; promoting the goods and services **of others** by means of **a** loyalty program, discount program, and an incentive awards program whereby purchase points are earned or awarded for purchases made from vendor subscribers or travel conducted by member subscribers which can then be redeemed for merchandise and travel; retail **store** services featuring gift cards and private club membership; promoting the goods and services **of others** by means of providing an on-line shopping mall with links to the retail web sites of others in the field of books, computers, software, office supplies, consumer electronics, music, sporting and recreational equipment, gifts, travel items, apparel, jewelry, health and beauty, toys, travel, home and garden-related items, and general retail merchandise.

> Class 037:  Repair and maintenance of aircraft, vehicles, aircraft-related facilities, baggage-related facilities, and air travel-related facilities; refueling of aircraft and land vehicles; ground support services in the field of air transportation, namely, aircraft de-icing services, aircraft interior and exterior cleaning, and sanitation.

> Class 039: Air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel **{insert ticket or transportation as hotel and other type reservations are in different classes}** reservation services for others, air transportation reservation services for others, vehicle reservation services for others, cruise reservation services for others and vacation **{insert "travel**

**ticket" or "transportation"}**  reservation services by means of a global computer network; providing information in the field of travel by means of a global computer network

Class 041:  Providing online electronic publications, namely, online magazines and online newsletters **in the field of {indicate field, e.g., travel, shopping, food}**; publication of magazines; providing in-flight entertainment services, **namely, providing passengers during air travel with entertainment services in the form of {indicate form of entertainment, e.g., movies, radio, individualized music selections, live television programs, access to online-reading material, video games, and children's on-line games, all by means of a personal computer assigned to an individual passenger for use during air travel}; providing lounge facilities, namely, airport services featuring transit lounge facilities for passenger relaxation {from Class 043}**

Class 043:  Food and drink catering; providing food and beverage services in conjunction with providing facilities in the form of a private club for conducting business, meetings and conferences; providing conference room facilities, **bar and cocktail** lounge facilities, and amenities **namely, {indicate Class 043 amenities, e.g., food, drink, temporary accommodations}**; providing hotel reservation and coordination services for others by means of a global computer network; travel agency services, namely, making reservations and booking for temporary lodging; entertainment services, namely, providing a **general purpose** arena facility for sports, entertainment, trade shows, exhibitions and conventions **{moved from Class 041}**

*See* TMEP §1402.01.

Advisory

An applicant may only amend an identification to clarify or limit the goods and/or services, but not to add to or broaden the scope of the goods and/or services.  37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*, 1402.07.

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable  *U.S. Acceptable Identification of Goods and Services Manual* at http://tess2.uspto.gov/netahtml/tidm.html.  *See* TMEP §1402.04.

**GENERAL INFORMATION**

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney.  All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response.  *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.  Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights.  *See* TMEP §§705.02, 709.06.

/Mark Shiner/
Trademark Examining Attorney
Law Office 105
Phone:  571-272-1489
E-mail:  mark.shiner@uspto.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an

applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.