# EXHIBIT CC

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2024-09-17 03:58:26 EDT |
| **Mark:** | DFW AIRPORT |

# DFW AIRPORT

| | | | |
|---|---|---|---|
| **US Serial Number:** | 98443593 | **Application Filing Date:** | Mar. 11, 2024 |
| **US Registration Number:** | 7502461 | **Registration Date:** | Sep. 10, 2024 |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **TM5 Common Status Descriptor:** |  | | LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office. |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Sep. 10, 2024 | | |
| **Publication Date:** | Jun. 25, 2024 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | DFW AIRPORT |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Disclaimer:** | "AIRPORT" |
| **Acquired Distinctiveness Claim:** | In whole |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | airport services | | |
| **International Class(es):** | 039 - Primary Class | **U.S Class(es):** | 100, 105 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jan. 01, 1974 | **Use in Commerce:** | Jan. 01, 1974 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Dallas/Fort Worth International Airport Board |
| **Owner Address:** | 2400 Aviation Drive<br>DFW Airport, TEXAS UNITED STATES 75261 |
| **Legal Entity Type:** | a unit of local government |
| **State or Country Where Organized:** | TEXAS |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | Matthew S. Anderson |
| **Docket Number:** | DALL16-00052 |
| **Attorney Primary Email Address:** | trademarks@munckwilson.com |
| **Attorney Email Authorized:** | Yes |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | Matthew S. Anderson<br>Munck Wilson Mandala, LLP<br>P.O. Drawer 800889<br>Docket Clerk<br>Dallas, TEXAS United States 75380 |
| **Phone:** | 972-628-3600 |
| **Fax:** | 972-628-3616 |
| **Correspondent e-mail:** | trademarks@munckwilson.com |
| **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Sep. 10, 2024 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Sep. 10, 2024 | REGISTERED-PRINCIPAL REGISTER | |
| Jun. 25, 2024 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jun. 25, 2024 | PUBLISHED FOR OPPOSITION | |
| Jun. 05, 2024 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| May 16, 2024 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 08, 2024 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| May 08, 2024 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| May 08, 2024 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| May 06, 2024 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| May 06, 2024 | NON-FINAL ACTION E-MAILED | |
| May 06, 2024 | NON-FINAL ACTION WRITTEN | |
| Apr. 29, 2024 | ASSIGNED TO EXAMINER | |
| Apr. 25, 2024 | REQUEST FOR SPECIAL HANDLING - GRANTED | |
| Apr. 24, 2024 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Apr. 24, 2024 | ASSIGNED TO PETITION STAFF | |
| Mar. 22, 2024 | TEAS REQUEST TO MAKE SPECIAL RECEIVED | |
| Mar. 11, 2024 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | |
|---|---|
| **Current Location:** | FILE REPOSITORY (FRANCONIA) |
| **Date in Location:** | Sep. 10, 2024 |

| To: | Matthew S. Anderson(trademarks@munckwilson.com) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 98443593 - DFW AIRPORT - - DALL16-00052 |
| Sent: | May 06, 2024 10:44:31 PM EDT |
| Sent As: | tmng.notices@uspto.gov |

**Attachments**

screencapture-en-wikipedia-org-wiki-Dallas-E2-80-93Fort_Worth_metroplex-17150467564151
screencapture-simple-wikipedia-org-wiki-Dallas-E2-80-93Fort_Worth_metroplex-17150483875791
screencapture-www-depts-ttu-edu-online-DFW-17150483203101
screencapture-www-depts-ttu-edu-online-DFW-contact-17150483450331
screencapture-destinationdfw-com-17150485024821
screencapture-www-tourtexas-com-texas-maps-dallas-fort-worth-map-17150488217441
screencapture-www-nbcdfw-com-news-local-dallas-fort-worth-leads-all-metro-areas-in-population-growth-3489168-17150488431291
screencapture-www-hdavidballinger-com-dfw-metroplex-php-17150488709631
screencapture-www-traveltexas-com-articles-post-discover-dallas-fort-worth-17150489349071
DFW airport.jpg
screencapture-nobleaircharter-com-airport-codes-usa-17150492178611
screencapture-nobleaircharter-com-airport-codes-usa-17150492178612
screencapture-www-scrippsnews-com-life-travel-why-don-t-airport-codes-match-their-names-17150494297841

---

### United States Patent and Trademark Office (USPTO)
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 98443593

**Mark:** DFW AIRPORT

**Correspondence Address:**
Matthew S. Anderson
Munck Wilson Mandala, LLP
P.O. Drawer 800889
Docket Clerk
Dallas TX 75380
UNITED STATES

**Applicant:** Dallas/Fort Worth International Airport Board

**Reference/Docket No.** DALL16-00052

**Correspondence Email Address:** trademarks@munckwilson.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** May 6, 2024

## Introduction

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## Summary of Issues

- Search Results - No Conflicting Marks Found
- Section 2(e)(2) - Geographically Descriptive Refusal
- Advisory regarding Amendment to Claim Acquired Distinctiveness under Section 2(f) to Overcome Refusal
- Advisory regarding Disclaimer of Generic Wording if Amending to Claim Acquired Distinctiveness under Section 2(f)

## Search Results - No Conflicting Marks Found

The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

## Section 2(e)(2) - Geographically Descriptive Refusal

Registration is refused because the applied-for mark is primarily geographically descriptive of the origin of applicant's goods and/or services. Trademark Act Section 2(e)(2), 15 U.S.C. §1052(e)(2); *see* TMEP §§1210, 1210.01(a).

A mark is primarily geographically descriptive when the following is demonstrated:

    (1)    The primary significance of the mark to the purchasing public is a generally known location;

    (2)    The goods or services originate in the place identified in the mark; and

> (3) The purchasing public would be likely to believe that the goods or services originate in the geographic place identified in the mark; that is, to make a goods-place or services-place association.

*See Spiritline Cruises LLC v. Tour Mgmt. Servs., Inc.*, 2020 USPQ2d 48324, at *5 (TTAB 2020) (citing *In re Nantucket, Inc.*, 677 F.2d 95, 96-97, 213 USPQ 889, 891 (C.C.P.A. 1982)); *see also In re Newbridge Cutlery Co.*, 776 F.3d 854, 860-61, 113 USPQ2d 1445, 1448-49 (Fed. Cir. 2015); *In re Societe Generale des Eaux Minerales de Vittel S.A.*, 824 F.2d 957, 959, 3 USPQ2d 1450, 1452 (Fed. Cir. 1987); *In re JT Tobacconists*, 59 USPQ2d 1080, 1081 (TTAB 2001)); TMEP §1210.01(a).

Applicant, located between Dallas and Fort Worth, TX, has applied to register the mark DFW AIRPORT for use in connection with "airport services" in Class 039. The primary significance of DFW is a geographic location, namely, an abbreviation referring to the Dallas-Fort Worth Metroplex, the most populated metropolitan area in Texas. *See attachments from Wikipedia, Texas Tech University DFW, Destination DFW, Tour Texas, NBCDFW, H, David Ballinger Real Estate, and Travel Texas.* The record also indicates that applicant's services originate in the DFW metroplex because applicant's airport services are located halfway between Dallas and Fort Worth. *See attachment from Google Maps.*

A goods-place or services-place association may be presumed where (1) the location in the mark is generally known to the purchasing public, (2) the term's geographical significance is its primary significance, and (3) the goods and/or services do, in fact, originate from the named location in the mark. TMEP §1210.04; *see, e.g.*, *In re Cal. Pizza Kitchen Inc.*, 10 USPQ2d 1704, 1705 (TTAB 1988) (finding a services-place association was presumed between applicant's restaurant services and California because the services originated in California); *In re Handler Fenton Ws., Inc.*, 214 USPQ 848, 850 (TTAB 1982) (finding a goods-place association was presumed between applicant's t-shirts and Denver because the goods had their geographical origin in Denver); *see also In re Nantucket, Inc.*, 677 F.2d 95, 102, 213 USPQ 889, 895 (C.C.P.A. 1982) (Nies, J., concurring) ("[W]e must start with the concept that a geographic name of a place of business is a descriptive term when used on the goods of that business. There is a public goods/place association, in effect, presumed." (internal footnote removed)).

Here, because the primary significance of DFW is to identify a geographic location, namely, Dallas-Fort Worth, Texas, and applicant's services originate in the Dallas-Fort Worth metroplex, purchasers will presume that the term identifies the place from which the services originate. Airports and airport codes often refer to an abbreviation of the city or cities the airport is located in or nearby major cities (metropolitan areas) that the airport services. *See attached evidence from Noble Air Charter.* Often, cities or metropolitan areas are referred to by these three-letter codes/abbreviations outside of airport related services including DFW and HOU (Houston). *See attached evidence from Scripps News.*

Although the applied-for mark also includes the term AIRPORT, this does not change the overall primarily geographic significance of the mark. The addition of generic or highly descriptive wording to a geographic word or term does not diminish that geographic word or term's primary geographic significance. TMEP §1210.02(c)(ii); *see, e.g.*, *Spiritline Cruises LLC v. Tour Mgmt. Servs., Inc.*, 2020 USPQ2d 48324, at *6-7 (TTAB 2020) (holding CHARLESTON HARBOR TOURS primarily geographically descriptive of various travel tour and cruise services because TOURS is generic for the services and CHARLESTON HARBOR is a well-known harbor in Charleston, South Carolina); *In re Hollywood Lawyers Online*, 110 USPQ2d 1852, 1853-54 (TTAB 2014) (holding HOLLYWOOD LAWYERS ONLINE primarily geographically descriptive of attorney referrals, online business

information, and an online business directory). In this case, the term AIRPORT immediately conveys that applicant's services are services related to airports and applicant's services are in fact, "airport services".

Therefore, for the foregoing reasons, the mark is primarily geographically descriptive of the origin of applicant's services, and registration is refused pursuant to Section 2(e)(2) of the Trademark Act.

**Advisory regarding Amendment to Claim Acquired Distinctiveness under Section 2(f) to Overcome Refusal**

The applied-for mark has been refused registration on the Principal Register. Applicant may respond by submitting evidence and arguments against the refusal. In addition, applicant may respond by amending the application to seek registration under Trademark Act Section 2(f). *See* 15 U.S.C. §§1052(f), 1091(c).

To seek registration on the Principal Register based on a claim of acquired distinctiveness under Section 2(f), applicant generally may:

> (1) submit actual evidence that the mark has acquired distinctiveness of the goods and/or services,
>
> (2) claim ownership of an **active** prior U.S. registration for the same mark for sufficiently similar goods and/or services, or
>
> (3) provide the following verified statement of five years' use: "**The mark has become distinctive of the goods and/or services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least five years immediately before the date of this statement.**"

*See* 15 U.S.C. §1052(f); 37 C.F.R. §2.41(a); TMEP §§1212.03-.06 *et seq.*

**Advisory regarding Disclaimer of Generic Wording if Amending to Claim Acquired Distinctiveness under Section 2(f)**

Applicant is advised that, if the application is amended to seek registration on the Principal Register under Trademark Act Section 2(f) or on the Supplemental Register, applicant will be required to disclaim "AIRPORT" because such wording appears to be generic in the context of applicant's goods and/or services. *See* 15 U.S.C. §1056(a); *In re Wella Corp.*, 565 F.2d 143, 144, 196 USPQ 7, 8 (C.C.P.A. 1977); *In re Creative Goldsmiths of Wash., Inc.*, 229 USPQ 766, 768 (TTAB 1986); TMEP §1213.03(b).

Applicant may submit a disclaimer in the following format:

> **No claim is made to the exclusive right to use "AIRPORT" apart from the mark as shown.**

TMEP §1213.08(a)(i).

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

Response Options to Refusals

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

**Response Guidelines**

For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action. For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above. For a requirement, applicant should set forth the changes or statements. Please see the Responding to Office Actions webpage for more information and tips on responding.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.** File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.

/Kelly Neal/
Kelly Neal
Trademark Examining Attorney
Law Office 105
(571) 270-7585
kelly.neal@uspto.gov

## RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.