COOLEY LLP
BOBBY GHAJAR (198719)
JOHN HEMANN (165823)
JUDD D. LAUTER (290945)
3 Embarcadero, 20th Floor
San Francisco, CA 94111-4004
Telephone:     (650) 843-5000
Email: bghajar@cooley.com
        jhemann@cooley.com
        jlauter@cooley.com

DAVID CHIU (189542)
City Attorney
JESSE SMITH (122517)
Chief Assistant City Attorney
YVONNE R. MERÉ (173594)
Chief Deputy City Attorney
JULIE VEIT (209207)
CHRISTOPHER STUART (262399)
Deputy City Attorneys
City Hall
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4700
Facsimile:     (415) 554-4757
Email: Cityattorney@sfcityatty.org
        Jesse.Smith@sfcityatty.org
        Yvonne.Mere@sfcityatty.org
        Julie.Veit@sfcityatty.org
        Christopher.Stuart@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>                    Plaintiff and Counterclaim-<br>                    Defendant,<br><br>          v.<br><br>CITY OF OAKLAND AND PORT OF OAKLAND,<br><br>                    Defendants and<br>                    Counterclaim Plaintiff.<br><br>AND RELATED COUNTERCLAIM | Case No. 3:24-cv-02311-TSH<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO DEFENDANT PORT OF OAKLAND'S COUNTERCLAIM FOR DECLARATORY RELIEF** |

COOLEY LLP
ATTORNEYS AT LAW

Plaintiff and Counterclaim-Defendant City and County of San Francisco (the "City" or "Plaintiff") hereby responds to the declaratory relief counterclaim (the "Counterclaim") filed by Defendant and Counterclaim-Plaintiff the Port of Oakland (the "Port") on May 9, 2024.  As set forth below, the Counterclaim is merely a mirror image of the Port's defense to the City's trademark and unfair competition claims.  The City denies all allegations in the Counterclaim that are not specifically admitted below, and further denies that the Port is entitled to the relief requested in the Counterclaim or to any other relief.

## SAN FRANCISCO'S INTRODUCTORY COMMENTS

This is a trademark case brought by the City to stop the Port's brazen trademark infringement and to protect consumers and the public from confusion caused by the rebranding of Oakland International Airport to **San Francisco Bay Oakland International Airport** (the "Infringing Mark").  The City's Motion for Preliminary Injunction (Dkt. 35) explains why the Court should enjoin Defendants' use of the Infringing Mark.  In an attempt to deflect from its misconduct, the Port filed a "counterclaim," which is just an amplified denial of its infringement adorned with self-serving allegations about Oakland and its airport – concluding with a request that the Court find that its Infringing Mark is "not likely to cause confusion, or to cause mistaken, or to deceive as to the affiliation, connection, or association of [Oakland's airport] with the [City]."  (Dkt. 15 at ¶¶97-102).   The evidence proves otherwise.  The Port's counterclaim is an improper "declaratory judgment" claim that is merely the mirror image of its purported defense.  It should be denied.

**THE CITY'S RESPONSE TO THE SECTION ENTITLED "INTRODUCTION" (¶¶1-15)**

1.      The City admits that on May 9, the Board of Port Commissioners of the Port of Oakland voted to change the name of its Airport from to "San Francisco Bay Oakland International Airport."  The City denies the Port's characterization of the Oakland airport's name change as consisting of replacing "Metropolitan" with "San Francisco Bay."  The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1, and on that basis denies the same.

2.      The City denies that paragraph 2 depicts that the Oakland Airport has a "distinctive brand," as that brand is a copy of the City's famous, incontestable registered trademark.  The City

lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2, and on that basis denies the same.

3.     The City denies that the Port's purported continued use of the IATA code OAK will continue to provide "smooth operations for travelers to the San Francisco Bay area."  The opposite is true.   The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3, and on that basis denies the same.

4.     The City lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, and on that basis denies the same.

5.     The City denies the allegations in paragraph 5.

6.     The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6, and on that basis denies the same.

7.     The City denies any characterization by the Port that the City should support the Port's brazen infringement of the City's famous SAN FRANCISCO INTERNATIONAL AIRPORT® trademark.  The City lacks knowledge and information sufficient to form a belief as to the truth of the Port's allegation that "people who live in San Francisco stand to benefit from more airline route choices and price competition," and on that basis denies the same. The City admits the remaining allegations in Paragraph 7 relating to the City's opposition to the Port's Board's vote to adopt the Infringing Mark.

8.     The City admits that it filed this lawsuit against the Port and the City of Oakland several weeks prior to the Port's filing of the declaratory relief counterclaim and prior to the Port's second meeting providing final approval for the change of the Oakland airport's name to SAN FRANCISCO BAY OAKLAND INTERNATIONAL AIRPORT.  The City denies the remaining allegations in paragraph 8.

9.     The City admits that the Port's trademark, SAN FRANCISCO BAY OAKLAND INTERNATIONAL AIRPORT, infringes the City's rights in the SAN FRANCISCO INTERNATIONAL AIRPORT mark. The City denies the remaining allegations in paragraph 9.

10.     The City admits that the San Francisco International Airport is located south of San Francisco, mostly in an unincorporated area of San Mateo County, and that the airport provides

domestic and international flights for travel into the Bay Area and downtown San Francisco. The City further admits that the Oakland airport also provides domestic and international flights for travel into the Bay Area, and that the Oakland airport is on the Bay. The City denies the remaining allegations in paragraph 10.

11.      The allegations in this paragraph, like many, are irrelevant. Nonetheless, the City denies that the acronym "BART" stands for "San Francisco Bay Area Rapid Transit." The City admits the remaining allegations in paragraph 11 relating to BART's service area.

12.      The City denies the allegations in paragraph 12.

13.      The City denies the allegations in paragraph 13.

14.      The City denies the allegations in paragraph 14.

15.      The City denies that the Port is entitled to the relief requested in paragraph 15. The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15, and on that basis denies the same.

**THE CITY'S RESPONSE TO THE SECTION ENTITLED "PARTIES"**

16.      The City admits on belief that the Port's principal place of business is 530 Water Street, Oakland, California 94607. The remaining allegations in paragraph 16 state legal conclusions to which no response is required. To the extent a response is deemed required, the City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16, and on that basis denies the same.

17.      The City admits the allegations in paragraph 17.

18.      The City admits the allegations in paragraph 18.

19.      The City admits the allegations in paragraph 19.

**THE CITY'S RESPONSE TO THE SECTION ENTITLED**

**"JURISDICTION AND VENUE"**

20.      The allegations in paragraph 20 state legal conclusions to which no response is required. To the extent a response is deemed required, the City denies the allegations in paragraph 20.

21.     The allegations in paragraph 21 state legal conclusions to which no response is required.  To the extent a response is deemed required, the City admits that the Court has personal jurisdiction over the City relating to the allegations in this lawsuit.

22.     The allegations in paragraph 22 state legal conclusions to which no response is required.  To the extent a response is deemed required, the City admits that venue is appropriate with this Court.

**THE CITY'S RESPONSE TO THE SECTION ENTITLED "FACTUAL ALLEGATIONS"**

23.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, and on that basis denies the same.

24.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, and on that basis denies the same.

25.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, and on that basis denies the same.

26.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26, and on that basis denies the same.

27.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, and on that basis denies the same.

28.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, and on that basis denies the same.

29.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29, and on that basis denies the same.

30.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30, and on that basis denies the same.

31.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31, and on that basis denies the same.

32.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32, and on that basis denies the same.

33.     The City admits that the Oakland airport is located on the Bay.  The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33, and on that basis denies the same.

34.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, and on that basis denies the same.

35.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35, and on that basis denies the same.

36.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, and on that basis denies the same.

37.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and on that basis denies the same.

38.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38, and on that basis denies the same.

39.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39, and on that basis denies the same.

40.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40, and on that basis denies the same.

41.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41, and on that basis denies the same.

42.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42, and on that basis denies the same.

43.     The City admits that over a period of decades, the Port has built additional terminals at the Oakland airport and routes to the airport subsequently increased.  The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 43, and on that basis denies the same.

44.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44, and on that basis denies the same.

45.     The City denies that the acronym "BART" stands for "San Francisco Bay Area Rapid Transit."  The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45, and on that basis denies the same.

46.     The City admits that the Port has at times used the logo depicted in paragraph 46. The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 46, and on that basis denies the same.

47.     The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 47, and on that basis denies the same.

48.     The City admits that publicly accessible records from the U.S. Patent and Trademark Office indicate that the Port owns U.S. Registration Nos. 6122118 and 6122119, and that these registrations formerly corresponded to Application Serial Nos. 88506555 and 88506558. The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48, and on that basis denies the same.

49.     The City admits the allegations in Paragraph 49.

50.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50, and on that basis denies the same.

51.     The City admits that travelers may travel where they wish.  The City otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51, and on that basis denies the same.

52.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52, and on that basis denies the same.

53.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53, and on that basis denies the same.

54.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54, and on that basis denies the same.

55.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55, and on that basis denies the same.

COOLEY LLP
ATTORNEYS AT LAW

ANSWER TO COUNTERCLAIM
3:24-CV-02311-TSH

56.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56, and on that basis denies the same.

57.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57, and on that basis denies the same.

58.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58, and on that basis denies the same.

59.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59, and on that basis denies the same.

60.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60, and on that basis denies the same.

61.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61, and on that basis denies the same.

62.     The City lacks knowledge and information sufficient to form a belief as to the truth of whether Chicago Rockford International Airport (RFD) serves the Chicago area.  The City admits the remaining allegations in paragraph 62, without admitting the relevance of the names of non-U.S. airports.

63.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63, and on that basis denies the same.

64.     The City denies the allegations in paragraph 64 to the extent it suggests that the logo depicted therein is the only way that consumers have and will encounter the Infringing Mark.

65.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65, and on that basis denies the same.

66.     The City admits the allegations in paragraph 66.

67.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67, and on that basis denies the same.

68.     The City admits that it objected – as did many – to the Infringing Mark.

69.     The City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69, and on that basis denies the same.  As with many of the

1  other allegations in the Counterclaim, the City denies the relevance of this allegation to the issue

2  of Defendants' trademark infringement.

3        70.    The City lacks knowledge and information sufficient to form a belief as to the truth

4  of the allegations set forth in paragraph 70, and on that basis denies the same.

5        71.    The City admits the allegations in paragraph 71 regarding the public meeting held

6  to consider the first reading of the Ordinance for the proposed name change.

7        72.    The City admits that at the April 11, 2024 public meeting, the Port's Interim

8  Director of Aviation ("Aviation Director") presented a recommendation to change the Oakland

9  airport's name to SAN FRANCISCO BAY OAKLAND INTERNATIONAL AIRPORT.  The City

10  denies that the airport's new name is "accurate."  The City lacks knowledge and information

11  sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 72, and

12  on that basis denies the same.

13        73.    The City lacks knowledge and information sufficient to form a belief as to the truth

14  of the allegations set forth in paragraph 73, and on that basis denies the same.

15        74.    The City lacks knowledge and information sufficient to form a belief as to the truth

16  of the allegations set forth in paragraph 74, and on that basis denies the same.

17        75.    The City lacks knowledge and information sufficient to form a belief as to the truth

18  of the allegations set forth in paragraph 75, and on that basis denies the same.

19        76.    The City lacks knowledge and information sufficient to form a belief as to the truth

20  of the allegations set forth in paragraph 76, and on that basis denies the same.

21        77.    The City lacks knowledge and information sufficient to form a belief as to the truth

22  of the allegations set forth in paragraph 77, and on that basis denies the same.

23        78.    The City lacks knowledge and information sufficient to form a belief as to the truth

24  of the allegations set forth in paragraph 78, and on that basis denies the same.

25        79.    The City lacks knowledge and information sufficient to form a belief as to the truth

26  of the allegations set forth in paragraph 79, and on that basis denies the same.

27        80.    The City lacks knowledge and information sufficient to form a belief as to the truth

28  of the allegations set forth in paragraph 80, and on that basis denies the same.

81.     Based on Defendants' eventual adoption and use of the Infringing Mark, the City admits the allegations in paragraph 81.

82.     The allegations in paragraph 82 state legal conclusions to which no response is required.  To the extent a response is deemed required, the City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82, and on that basis denies the same.

83.     The allegations in paragraph 83 state legal conclusions to which no response is required.  To the extent a response is deemed required, the City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83, and on that basis denies the same.

84.     The City admits that the Board set a second meeting for May.  The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 84, and on that basis denies the same.

85.     The allegations in paragraph 85 state legal conclusions to which no response is required.  To the extent a response is deemed required, the City lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85, and on that basis denies the same.

86.     The City admits that it filed its lawsuit in this action prior to the Port's second meeting concerning the change of the Oakland airport's name to SAN FRANCISCO BAY OAKLAND INTERNATIONAL AIRPORT.   The City denies the remaining allegations in paragraph 86.

87.     The City admits that it filed a lawsuit.  The content of the Complaint speaks for itself.

88.     Again, the content of the City's Complaint speaks for itself.   The City denies that the Port's infringement is "purported[]," and denies that the Port's infringement is due only to confusion of travelers whom book flights to the Oakland airport intending to depart from the City's airport.

89.     The City denies the allegations in paragraph 89.

90.     The City admits that some passengers booking flights to the Bay Area may understand that the Bay Area may contain more than one airport.  The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 90, and on that basis denies the same.

91.     The City denies that the Port's "I FLY OAK" logo and branding have been "retained" or that sometimes appending a logo to an infringing trademark might eliminate trademark infringement or consumer confusion.   The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 91, and on that basis denies the same.

92.     The City denies the allegations in paragraph 92.

93.     The City denies the allegations in paragraph 93.

94.     The City denies that its allegations are "balderdash" or that it is not entitled to enforce its trademark rights in the SAN FRANCISCO INTERNATIONAL AIRPORT trademark against the Port's Infringing Mark. The City further denies that its allegations are a "contrived rationale to thwart a geographic fact."  The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 94, and on that basis denies the same.

**THE CITY'S RESPONSE TO "CLAIM FOR RELIEF: DECLARATORY JUDGMENT"**

95.     The City incorporates by reference its responses to paragraphs 1 through 94 above as though fully set forth herein.

96.     The allegations in paragraph 96 state legal conclusions to which no response is required.  To the extent a response is deemed required, the City admits that the Port disputes the City's allegations of trademark infringement.   The City denies the remaining allegations in paragraph 96.

97.     The allegations in paragraph 97 state legal conclusions to which no response is required.  To the extent a response is deemed required, the City admits that the Port disputes the City's allegations of trademark infringement.   The City denies the remaining allegations in paragraph 97.

1    98.    The City denies the allegations in paragraph 98.

2    99.    The City denies the allegations in paragraph 99.

3    100.   The City denies the allegations in paragraph 100.

4    101.   The City denies the allegations in paragraph 101.

5    102.   The City denies the allegations in paragraph 102

6    **THE CITY'S RESPONSE TO "JURY DEMAND"**

7    The section titled "Jury Demand" states legal conclusions to which no response is required.

8    The City nonetheless agrees that its claims should be tried to a jury.

9    **THE CITY'S RESPONSE TO "PRAYER FOR RELIEF"**

10   The City denies that the Port is entitled to any relief whatsoever, including but not limited

11   to the relief sought in the section of the Counterclaim titled "Prayer for Relief."  To the extent a

12   response to this section is required, the City denies the same.

13   **THE CITY'S AFFIRMATIVE DEFENSES**

14   The City asserts that the Port's claims are barred, in whole or in part, by the defenses set

15   forth herein. By setting forth these defenses, the City does not assume the burden of proving any

16   fact, issue, or element of a cause of action where such burden properly belongs to the Port. The

17   City reserves the right to plead any and all defenses that may be evident or appreciated after

18   investigation and discovery in this matter.

19   **FIRST AFFIRMATIVE DEFENSE**

20   The Counterclaim fails to state a claim upon which relief can be granted because the

21   Counterclaim seeks an improper advisory opinion concerning uses of the Port's infringing SAN

22   FRANCISCO BAY OAKLAND INTERNATIONAL AIRPORT trademark independent of the full

23   commercial context in which consumers encounter them.   The City intends to move for judgment

24   as to the Counterclaim at the appropriate time.

25

26

27

28

Cooley LLP
Attorneys at Law

11

ANSWER TO COUNTERCLAIM
3:24-CV-02311-TSH

1    Dated: October 1, 2024                    COOLEY LLP

2

3                                              By:_____
                                               Bobby A. Ghajar
4                                              John Hemann
                                               Judd D. Lauter
5
                                               Attorneys for Plaintiff
6                                              CITY AND COUNTY OF
                                               SAN FRANCISCO
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

                                    12                    ANSWER TO COUNTERCLAIM
                                                              3:24-CV-02311-TSH