# EXHIBIT 2

## Carol A. Scott
## Expert Testimony During the Past Four Years*

1. Delta Air Lines, Inc. *vs.* Marriott International, Inc. – 2023. *Testimony in deposition (2023).*

   Conduct research to determine to what extent consumers are confused as to the source or affiliation of Counterclaim Defendant's "Delta Hotels by Marriott" brand, such that they mistakenly believe it is connected to Delta Air Lines.

2. Kewazinga Corp. *vs.* Google LLC – 2022. *Testimony in deposition (2022).*

   Conduct research to determine whether a proposed removal of an animation effect in Google Street View would be an acceptable alternative or substitute for Google Street View that contains such an animation effect.

3. Lontex Corporation *vs.* Nike, Inc. – 2020-2021. *Testimony in deposition (2020) and trial (2021).*

   Conduct research to determine the extent to which interest in purchasing certain NIKE apparel products is increased if those products are shown using "Cool Compression" in the product descriptions.

4. Edwards Lifesciences Corporation *et al. vs.* Meril Life Sciences Pvt. Ltd. *et al.* – 2021. *Testimony in deposition (2021).*

   Conduct research to investigate which product claims in Defendants' advertising for its heart valve products would be important to potential customers, and to determine potential customers' expectations regarding any clinical research data that may have been done to support these claims.

5. Justin Lytle and Christine Musthaler *vs.* Nutramax Laboratories, Inc. *et al.* – 2021. *Testimony in deposition (2021).*

   Conduct research to investigate various aspects of consumers' decision-making processes in their purchase of Nutramax's health supplement products for dogs. Also asked to assess the reliability and validity of Plaintiffs' expert's opinions regarding the importance of challenged statements that appear on the packaging of the products at issue.

6. Andrea A. Williams and James Stewart *vs.* Apple Inc. – 2021. *Testimony in deposition (2021).*

   Conduct research to determine and analyze the decision process by which current and past users of Apple's iCloud Service came to subscribe to iCloud for a monthly fee. Also asked to assess whether or not Plaintiffs' expert's conjoint study provides a valid test of the Plaintiffs' central allegations.

7. Hubert Hansen Intellectual Property Trust *et al. vs.* The Coca-Cola Company, Monster Beverage Corporation *et al.* – 2019-2020. *Testimony in deposition (2019) and trial (2020).*

   Rebut expert's opinions regarding the reliability of that expert's opinion regarding the importance of the Hubert Hansen name to the sale of Hansen's Natural juices and

---

* Underlined party indicates client

Hubert's Lemonade products.

8. Kurin, Inc. *vs.* Magnolia Medical Technologies, Inc. – 2019. *Testimony in deposition (2019).*

    Evaluate the reliability and validity of Plaintiff's expert opinion that potential customers of a blood collection product are likely to be misled by statements that the product is "registered and listed" with the FDA.

9. Anthony Belfiore *vs.* Proctor & Gamble Company – 2019. *Testimony in hearing (2019).*

    Rebut expert's opinions regarding the reliability of that expert's regression models to determine classwide economic damages for purchasers of adult wipes containing "flushable" claims.

10. Brandi Price and Christine Chadwick *vs.* L'Oréal USA, Inc. *et al.* – 2019. *Testimony in deposition (2019).*

    Assess the content and structure of a survey that Plaintiffs' expert conducted to perform a conjoint analysis, and thus to determine whether that data can be used to make reliable and valid predictions of consumers' preferences for Defendants' shampoo products.

11. Vivian Deveroux *et al. vs.* Apple Inc. – 2019. *Testimony in deposition (2019).*

    Conduct research to evaluate consumer perceptions of Apple's request for government-issued ID during a simulation of an Apple education discount transaction.

12. Thomas Davidson *et al. vs.* Apple Inc. – 2019. *Testimony in deposition* (2019).

    Determine via consumer research whether or not a disclosure of the chance of a possible touchscreen issue would affect consumers' purchase decisions about an Apple iPhone. Also asked to assess whether or not Plaintiffs' expert conducted a consumer survey in accordance with generally accepted standards of consumer research.

13. Lodestar Anstalt *vs.* Bacardi & Company Limited *et al.* – 2019. *Testimony in deposition (2019).*

    Conduct research to determine whether a consumer study conducted by Defendants' expert provides a reliable estimate of the degree to which consumers believe that Plaintiff's products using the "Untamed" mark are made by, affiliated with, or licensed from the defendant.

14. Suzanna Bowling *et al. vs.* Johnson & Johnson and McNeil Nutritionals, LLC – 2018. *Testimony in deposition (2018).*

    Conduct research to determine whether or not the "No Trans Fat" claim on packages of Benecol spread affect the likelihood that consumers would purchase the product or consumers' perceptions of health-related benefits of the product. Also investigate

* Underlined party indicates client                                                                                         2

    and analyze the reasons why Benecol purchasers first purchased and continue to purchase the product.

15. Teresa Elward *et al. vs.* Electrolux Home Products, Inc. – 2018. *Testimony in deposition (2018).*

    Evaluate the reliability and validity of methodology proposed by Plaintiffs' expert to calculate damages allegedly due to a putative class because of an alleged defect in the heating element in Frigidaire and Electrolux dishwashers.

16. Charlene Dzielak *et al. vs.* Whirlpool Corporation – 2016-2018. *Testimony in deposition (2018).*

    Conduct research to determine what the Energy Star logo means to purchasers of washing machines, and whether or not there is any consistent understanding among consumers of the type and specific amount of savings they may expect to experience when purchasing a washer because it carries the Energy Star logo.

17. *In re* Dollar General Corp. Motor Oil Marketing and Sales Practices Litigation (Engaged by counsel for Plaintiffs)– 2018. *Testimony in deposition (2018).*

    Conduct research to determine whether or not reasonable consumers would be misled about the suitability of Dollar General's store-branded motor oil for use in their vehicles, if such vehicles were model years 1989 or later, given DG Motor Oil labeling and placement in the store among more modern formulations of motor oil that are suitable for all vehicles.

    .

\* Underlined party indicates client                                                                           3