| | |
|---|---|
| 1 | COOLEY LLP |
| | BOBBY GHAJAR (198719) |
| 2 | JOHN HEMANN (165823) |
| | JUDD LAUTER (290945) |
| 3 | RYAN C. STEVENS (306409) |
| | 3 Embarcardero, 20th Floor |
| 4 | San Francisco, California 94111-4004 |
| | Telephone:    (415) 693-2000 |
| 5 | Facsimile:    (415) 693-2222 |
| | Email: bghajar@cooley.com |
| 6 |         jhemann@cooley.com |
| |         jlauter@cooley.com |
| 7 |         rstevens@cooley.com |
| | DAVID CHIU (189542) |
| 8 | City Attorney |
| | JESSE SMITH (122517) |
| 9 | Chief Assistant City Attorney |
| | YVONNE R. MERÉ (173594) |
| 10 | Chief Deputy City Attorney |
| | JULIE VEIT (209207) |
| 11 | CHRISTOPHER STUART (262399) |
| | Deputy City Attorneys |
| 12 | City Hall |
| | 1 Dr. Carlton B. Goodlett Place |
| 13 | San Francisco, California 94102-4682 |
| | Telephone:    (415) 554-4700 |
| 14 | Facsimile:    (415) 554-4757 |
| | Email: Cityattorney@sfcityatty.org |
| 15 |         Jesse.Smith@sfcityatty.org |
| |         Yvonne.Mere@sfcityatty.org |
| 16 |         Julie.Veit@sfcityatty.org |
| |         Christopher.Stuart@sfcityatty.org |
| 17 | |
| | Attorneys for Plaintiff |
| 18 | CITY AND COUNTY OF SAN FRANCISCO |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, | Case No. 3:24-CV-02311-TSH |
| Plaintiff, | **PLAINTIFF'S CITY AND COUNTY OF SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANT CITY OF OAKLAND'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF OAKLAND AND PORT OF OAKLAND, | |
| Defendants. | *Filed concurrently with the Declaration of Ryan C. Stevens and Proposed Order* |
| AND RELATED COUNTERCLAIM | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Civil Local Rules 6-3 and 7-11, Plaintiff City and County of San Francisco ("San Francisco") hereby moves the Court for an order continuing the hearing and related filing deadlines of Defendant City of Oakland's Motion for Summary Judgment ("MSJ") by five weeks, or as soon thereafter as is convenient for the Court. In the alternative, San Francisco asks the Court to extend its deadline to oppose the MSJ by two weeks.

1. The question raised by the City of Oakland's MSJ—whether the City of Oakland is a proper party—has already been presented to this Court and is pending in the context of San Francisco's Motion for a Preliminary Injunction ("MPI"). The interests of judicial economy and conserving the Court's and parties' resources dictate that the MSJ should be continued until the Court has ruled on the pending MPI.

2. A summary judgment motion is premature. The Court has not held an initial case management conference, the parties have not conducted a 26(f) conference, the parties have not exchanged initial disclosures, and the parties have not conducted any discovery. Under Rule 56(d), San Francisco will be entitled at least some discovery before the Court rules on a summary judgment motion.

3. San Francisco raised these points with Oakland in an attempt reach a stipulation on the issue. Oakland refused to stipulate to even the briefest of continuances, for reasons that are both unclear and concerning. Oakland's attempts to quickly distance itself from the decisions of its own department—the Port—without discovery or measured consideration raise a significant red flag. Oakland is not prejudiced by waiting for an instructive decision on the MPI, from which the parties will be guided as to appropriate next steps.

The interests of judicial economy and the preservation of resources suggest a continuance of defendant's summary judgment motion until after the Court rules on the MPI.

## II. FACTUAL BACKGROUND

San Francisco filed this lawsuit against the City of Oakland by and through its Board of Port Commissioners on April 18, 2024. ECF No. 1. *At the City of Oakland's urging*, San Francisco

filed a first amended complaint to name the Port as a separate defendant on May 3, 2024, and on May 9, 2024, the Port filed its answer a counterclaim seeking a declaratory judgment of non-infringement. ECF No. 12, 15. The City of Oakland separately filed its answer on May 24, 2024. ECF No. 27. After San Francisco filed suit, the parties stipulated to a continuance of all deadlines pending mediation to occur in August, including an acknowledgement that the extension could not be used to argue that San Francisco delayed in seeking preliminary injunctive relief. ECF No. 32.

Following the mediation, San Francisco filed its MPI on September 17, 2024. ECF No. 36. Shortly after that filing, this Court vacated the case management conference and all related deadlines. ECF No. 43. On October 8, 2024, the City of Oakland filed a separate opposition to the MPI. ECF No. 49. San Francisco filed a reply to that opposition on October 22, 2024. ECF No. 67.

After the MPI was fully briefed, the City of Oakland filed its MSJ on October 30, 2024, approximately a week before this Court heard oral argument on the MPI on November 7, 2024. ECF No. 69, 73. At the hearing, the Court heard the parties' argument on the issue of whether an injunction should be directed at the City of Oakland. The Court took the MPI under submission.

Prior to filing this Administrative Motion, San Francisco contacted the City of Oakland's counsel to seek a stipulation, as required under Civil Local Rule 6-3. On November 8, 2024, the day after the hearing on the MPI, counsel for San Francisco met and conferred with counsel for the City of Oakland by phone and requested a stipulation to briefly continue the MSJ so that the parties could ascertain whether an order on the MPI would either moot the issue or open a path to resolution that would not require motion practice. Declaration of Ryan Stevens ("Stevens Decl.") at ¶2. The City of Oakland refused to agree to even a brief continuance. *Id*. On November 10, 2024, counsel for San Francisco wrote to counsel for Oakland by email, asking that counsel reconsider their refusal to enter a continuance and again requested a continuance. *Id* at ¶3, Ex A. As of the time of this filing, the City of Oakland has not responded to that correspondence. *Id*.

San Francisco's opposition is due on November 13, 2024, and the hearing is noticed for December 5, 2024. *Id* at ¶ 4. The parties have not yet had an initial case management conference, engaged in a Rule 26(f) conference, or exchanged initial disclosures. Id at ¶ 4.

Cooley LLP
Attorneys At Law

3

Admin Mot to Cont MSJ
Case No.: 3:24-cv-02311-TSH

San Francisco seeks a continuance of the MSJ hearing until at least January 9, 2025. In the alternative, San Francisco asks the Court to extend its deadline to oppose the MSJ by two weeks.

### III. ARGUMENT

This Court "is vested with . . . the inherent power to control its own docket." *Doe 1 v. AOL, LLC*, 719 F. Supp. 2d 1102, 1106 (N.D. Cal. 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). And "[a] judge has wide discretion to use the inherent power of the federal court to promote judicial efficiency." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 460 F. Supp. 2d 1185, 1193 (E.D. Cal. 2006). Under Local Rule 6-3, a party seeking to enlarge time must "[s]et[] forth with particularity the reason for the requested enlargement" and "identif[y] the substantial harm or prejudice that would occur if the Court did not change the time[.]" San Francisco has readily met this standard.

Here, a short continuance of the MSJ hearing would promote efficiency for the Court and the parties. **First,** the City of Oakland's MSJ raised identical arguments to those that they raised in opposition to San Francisco's MPI. ECF No. 49, 73. Indeed, a comparison between the two briefs reveals that the City of Oakland simply changed the legal standards and captions to refer to a motion for summary judgment rather than a preliminary injunction and made no other substantive changes to the arguments already pending before this Court. Having just argued the issues raised in the City of Oakland's opposition, it would make more sense for the parties to have the benefit of the Court's ruling before jumping to MSJ briefing.

**Second,** the City of Oakland's MSJ is premature. Courts regularly hold that summary judgment should not be filed before the parties have had "any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington Northern Santa Fe. R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 2003). Here, San Francisco has had no opportunity to conduct discovery. This Court has not held an initial case management conference, the parties have not conducted a 26(f) conference, the parties have not exchanged initial disclosures, and the parties have not conducted any discovery. The only discovery San Francisco has attempted has been through public records act requests, which the City of Oakland has in large part ignored. See ECF No. 41. The City of Oakland jumped the gun in filing this motion before

the parties have engaged in any discovery or received an order on the MPI.

*Finally*, The City of Oakland will suffer no harm as a result of a continuance. From a resource perspective, both parties and the Court would benefit by waiting until the Court has issued an order on precisely the same issue in connection with the pending MPI. San Franscisco, moreover, should not be rushed to oppose an MSJ before the Rule 26(f) conference or it has obtained discovery from the City of Oakland on its involvement with the airport, airport branding, or its alleged argument that it is in no way affiliated with the actions of its own department that acted on its behalf and in its name.

## IV. CONCLUSION

For the reasons set forth above, San Francisco respectfully requests that the Court grants its Administrative Motion to Continue the Hearing on the City of Oakland's Motion for Summary Judgment and all corresponding deadlines by five weeks, or as soon thereafter as is convenient for the Court. In the alternative, San Francisco asks the Court to extend its deadline to oppose the MSJ by two weeks.

Dated: November 11, 2024　　　　　　　　　　COOLEY LLP

By: */s/John Hemann*
　　Bobby Ghajar
　　John Hemann
　　Judd Lauter
　　Ryan C. Stevens

Attorney for Plaintiff
City and County of San Francisco