Mary C. Richardson (Bar No. 208586)
Port Attorney
mrichrdson@portoakland.com
Kimberly I. McIntyre (Bar No. 184648)
Deputy Port Attorney
kmcintyre@portoakland.com
**PORT OF OAKLAND**
530 Water Street
Oakland, California  94607
Tel: (510) 627-1572 / (510) 627-1205

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928

Stephen C. Willey (Bar No. 209164)
swilley@fennemorelaw.com
Brandi B. Balanda (*Pro Hac Vice*)
bbalanda@fennemorelaw.com
Sarah Gohmann Bigelow (Bar No. 245553)
sgohmann@fennemorelaw.com
**FENNEMORE CRAIG, P.C.**
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101
Tel: (206) 749-0500 / Fax: (206) 749-0500

Attorneys for Defendant and Counterclaimant City of
Oakland, a municipal corporation, acting by and through
its Board of Port Commissioners (Port of Oakland)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND AND PORT OF OAKLAND,<br><br>Defendants. | Case No. 3:24-CV-02311-TSH<br><br>JOINT STATEMENT REGARDING DISCOVERY DISPUTE |

AND RELATED COUNTERCLAIM

Pursuant to the Discovery Standing Order for Magistrate Judge Thomas S. Hixson, the undersigned hereby attest that they have met and conferred in good faith to resolve their dispute prior to filing this Joint Statement.

| **FENNEMORE LLP & FENNEMORE CRAIG, P.C.** | **KMA ZUCKERT CA LLP** |
|---|---|
| *s/ Brandi B. Balanda*<br>Eugene M. Pak<br>1111 Broadway, 24th Floor<br>Oakland, California 94607<br>Tel: (510) 834-6600<br>Fax: (510) 834-1928<br>Email: epak@fennemorelaw.com<br><br>Stephen C. Willey<br>Brandi B. Balanda<br>Sarah Gohmann Bigelow<br>1425 Fourth Avenue, Suite 800<br>Seattle, Washington 98101<br>Tel: (206) 749-0500<br>Fax: (206) 749-0500<br>Email: swilley@fennemorelaw.com<br>Email: bbalanda@fennemorelaw.com<br>Email: sgohmann@fennemorelaw.com<br><br>*Attorneys for Defendant and Counterclaimant City of Oakland, a municipal corporation, acting by and through its Board of Port Commissioners (Port of Oakland)* | By: *s/ Mackenzie C. Foellmer*<br>Mackenzie C. Foellmer<br>Rachel S. Nevarez<br>111 West Ocean Boulevard, Suite 400<br>Long Beach, California 90802<br>Telephone: (562) 549-3336<br>Email: mfoellmer@kmazuckert.com<br>Email: rnevarez@kmazuckert.com<br><br>*Attorneys for Third Party, United Airlines, Inc.* |

**FENNEMORE.**

June 10, 2025

**VIA E-FILING**

The Honorable Thomas S. Hixson
United States Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    Joint Statement Regarding the Port's Subpoena to United Airlines

### Port of Oakland's Statement

      This dispute concerns United Airlines, Inc.'s ("United") failure and refusal to produce any documents in response to a subpoena duces tecum served by the Port of Oakland (the "Port") on February 26, 2025. *See* Ex. A ("Subpoena"). United ignored the Subpoena and did not timely serve any objections. The Port then spent the last several months following up with United – including in multiple discussions with United's counsel – about the need for United to respond to the Subpoena. Despite the Port's reasonable and repeated attempts to work with United, United still refuses to agree to produce *any* documents by any date certain in response to the Subpoena. Now, after months of delay, and after notice that the Port would seek this Court's assistance, United simply says it should not be required to comply with the Subpoena at all.

      The Port respectfully asks the Court to order United to fully comply with the Subpoena by producing all responsive documents by **June 27, 2025**. Fed. R. Civ. Pro. 34(c). The fact discovery cutoff is only three months later, and this should provide United with adequate time to respond to a Subpoena that it has had since February. Importantly, United waived any objections to the Subpoena by failing to respond by the March 12 deadline. Even if the Court were to consider United's objections, they provide no basis to quash the entire Subpoena. Contrary to its assertions, United has not acted in good faith or been willing to reach an agreement regarding scope.

*United Waived Any Objections to the Subpoena*

      United must fully comply with the Subpoena because it has waived all objections. Objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. Pro. 45(d)(2)(B). Absent "unusual circumstances and for good cause shown" the failure to timely serve objections constitutes a waiver of the objections. *In re Subpoena to Produce Documents of Clapp , Moroney, Bellagamba,*

**FENNEMORE.**

The Honorable Thomas S. Hixson
June 10, 2025
Page 2

*Vucinich, Beeman & Scheley*, 2014 WL 3784112, at *3 (N.D. Cal. July 31, 2014). It is undisputed that United did not timely serve objections.

United claims that it did not object because it failed to appreciate that United and United Airline Holdings, Inc. ("UAH") had each been served with subpoenas and was under the mistaken impression that only UAH had been served. The United and UAH subpoenas are plainly different: (1) the subpoenas are directed to different entities and their substance is tailored accordingly; (2) the UAH subpoena was served on UAH's Illinois registered agent while the United was served on United's California registered agent; and (3) the UAH subpoena requests compliance in Illinois while the United subpoena requests compliance in California. *See* Ex. B (subpoena served on UAH).

Regardless, any claimed "good cause" on the part of United is directly contradicted by United's failure to object until months after the deadline to do so. *See* Ex. C (United's belated objections). United's counsel had been aware of the United subpoena since at least March 19 when counsel for the Port and United met and conferred regarding UAH's response to its subpoena and Port counsel pointed out that United had failed to respond to its subpoena. But rather than promptly objecting after that discussion, United did nothing for nearly two months—it did not serve belated objections, file a motion to quash or for protective order, or produce any documents. *Compare In re Subpoena to Produce Documents*, 2014 WL 3784112, at *3 (party acted in good faith by promptly filing a motion to quash upon discovering that no objections had been made to the subpoenas and by appearing at her deposition and producing documents). That UAH served objections to *its* subpoena is irrelevant and does not excuse United's two month delay in objecting.

<u>An Order Compelling United to Fully Comply with the Subpoena by June 27 is Now Necessary</u>

Despite the Port's repeated attempts to work with United regarding the Subpoena, to date, United has refused to commit to produce any documents in response to the Subpoena by any date certain. *See, e.g.,* Ex. D (correspondence between United and the Port). In May, United pivoted to then suggest, for the first time, that it produce a narrower scope of documents in response to the Subpoena. The Port was open to reaching an agreement in this regard. But rather than engaging in a good faith discussion, United instead used this as an opportunity to further delay ***any*** compliance with the Subpoena. Accordingly, a Court order compelling United to respond is now required.

<u>Even if the Court Considers United's Untimely Objections, an Order Compelling Production is Needed</u>

To the extent the Court considers United's untimely objections, they do not support quashing the entire Subpoena.

- United objects that certain requests are unduly burdensome and overbroad by arguing they are "not limited in time or scope." But these requests seek documents regarding the "San Francisco Bay Oakland International Airport" name, about which United could only have become aware

**FENNEMORE.**

The Honorable Thomas S. Hixson
June 10, 2025
Page 3

- approximately a year ago. (*See* Request Nos. 1, 4, 5, 9, 12, 15, 17, 20.) They are therefore necessarily limited in time and scope. As another example, Request Nos. 2 and 3 are necessarily limited because they seek documents and communications about April 2024 letters. Other requests are reasonably targeted because they seek documents regarding this litigation which did not commence until April 2024. *See, e.g.,* Request Nos. 11, 13, 14, and 23.

- As for United's attorney-client privilege and work-product objection, such documents can be withheld and identified on a privilege log for evaluation of any such claims.

- United objects that certain requests "seek disclosure of confidential and sensitive proprietary commercial information" or "invades the respective privacy rights of individuals that are not parties." Port counsel has explained to United that such concerns will be addressed by the filing of a proposed protective order that the parties are currently finalizing. Regardless, the Port has told United that it will agree to treat any such documents as confidential pending entry of that order.

- United objects that the Port "may request this information from Plaintiff." And while party discovery is generally preferable as an initial matter, subpoenaed parties may still be required to comply – especially where they have made no showing of burden.

Per the Court's Discovery Standing Order, as a proposed compromise and without waiver, the Port requests that at a minimum, United be ordered to produce its responsive documents which are not discoverable from Plaintiff—*i.e.* responsive documents and communications between United and third parties as well as United's internal documents.

### Non-party, United Airlines, Inc.'s Statement Regarding Disputed Subpoena

On February 26, 2025, Defendant, Port of Oakland ("Port") served subpoenas for production of documents on United Airlines Holdings, Inc. ("UAH") and United Airlines, Inc. ("United"). On March 12, 2025, United Airlines Holdings, Inc. timely served objections to the subpoena. On March 19, 2025, the parties participated in a conference regarding UAH's objections and response. Counsel for the Port indicated that a second subpoena had also been served on United, and counsel for United confirmed that United was unaware there was a second subpoena issued. The second subpoena that was served on United had the same requests for production of documents. After the initial meet and confer conference, the parties exchanged correspondence in an effort to reach an agreement regarding United's production of documents in response to the subpoena.

The Port has taken the position that United waived all objections because the objections were not timely served. However, United served objections to the subpoena which are identical to the objections timely served by UAH. United was under the mistaken belief that only one subpoena had been served on UAH and therefore believed that its objections were preserved when timely served on March 12, 2025. Additionally, United is a non-party that was acting in good faith to resolve the issues and reach an agreement regarding the scope of the subpoena.

FENNEMORE.

The Honorable Thomas S. Hixson
June 10, 2025
Page 4

The subpoena contains 23 overbroad requests for production of documents relating to the proposed name San Francisco Bay Oakland International Airport, defined as "SF Bay Name," for the Port's airport identified as "OAK." For example, request #1 seeks "All Documents and Communications that discuss, refer to, or concern the SF Bay Name, including but not limited to any and all such Documents and Communications Exchanged between You (including but not limited to those involving or including Papia Gambelin[1]) and any third party." The request is not limited in time or scope and many of the documents sought by the Port can be obtained from the Plaintiff, City and County of San Francisco ("Plaintiff" or "San Francisco").

"While a nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived, in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena.'" *Acer, Inc. v. Tech. Props. Ltd.*, (N.D. Cal. Nov. 19, 2010) 2010 WL 4807101, at *3, quoting *Moon v. SCP Pool Corp.*, (S.D. Cal. 2005) 232 F.R.D. 633, 636 (internal quotation marks and alterations omitted). "Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *In re Subpoena to Produce Documents of Clapp, Moroney, Ballagamba, Vucinich, Beeman & Scheley*, (N.D. Cal. July 31, 2014) 2014 WL 3784112 at *3 (finding failure to serve objections "may be excused under either the second or third grounds"). In *Sacks Holdings, Inc. v. Vaidya*, (N.D. Cal.) 2024 WL 4730424, the court found that late service of objections should be excused due to unusual circumstances and good cause justifying the untimely objections.

Here, good cause exists to find that United's objections have not been waived. First, the subpoena is overbroad and not limited in time or scope. Second, United is a non-party that was acting in good faith to resolve the issues informally. Additionally, United was under the mistaken belief that only one subpoena had been issued, and objections were timely served by UAH on March 12, 2025. Therefore, United requests the Court to find that its objections were not waived.

The Port seeks to enforce the subpoena and compel production despite counsel's efforts to resolve the issues informally. As set forth above, there are 23 requests for production to non-party United primarily related to the SF Bay Name and a change to OAK's name. For example, request #7 seeks "All Documents and Communications that discuss, refer to, or concern any potential or actual change to or modification of OAK's name." This request is too overbroad and burdensome for United, a non-party, to be expected to respond. Request #13 seeks "All Documents and Communications concerning the City's claim for injunctive relief." Request #14 seeks "All Documents and Communications concerning the Court's issuance of a preliminary injunction including but not limited to the related appeal." In addition to the requests being overbroad and

---

[1] Papia Gambelin is United's Managing Director, State and Local West Region, Government Affairs who signed a one page letter dated April 8, 2024 to the Port regarding the SF Bay Name that was attached to the Port's subpoena.

**FENNEMORE.**

The Honorable Thomas S. Hixson
June 10, 2025
Page 5

burdensome, many of the requests relate to Plaintiff, San Francisco, which is a party to the litigation and more properly bears the burden of producing responsive documents.

In *Moon v. SCP Pool Corp.*, (S.D. Cal. 2005) 232 F.R.D. 633, the Court examined the issue of a third party's obligation to produce documents and quashed the subpoena reasoning as follows:

> Moreover, these requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA. *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.,* 649 F.2d 646, 649 (9th Cir.1980) (discovery restrictions may be even broader where target is nonparty); *Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed.Cir.1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than nonparty). Since plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court finds that, at this time, requiring nonparty KSA to produce these documents is an undue burden on nonparty KSA. *Moon,* supra at 638.

The Port's subpoena seeks documents that should be produced by Plaintiff in this case. Additionally, the Port has not shown what efforts, if any, they have made to obtain responsive documents from Plaintiff. Therefore, United should not bear the burden of responding to the Port's requests.

Finally, many of the requests seek confidential and proprietary information related to United's business. For example, request #10 seeks "All Documents and Communications reflecting or referencing a complaint or the expression of a negative opinion or view of SFO or the City that You received from any prospective or actual customer or passenger on or between January 1, 2022 and the present." Request #12 seeks "All Documents and Communications concerning whether You, the City, or any other person or entity has been harmed and/or is likely to be harmed by the Port's use of the SF Bay Name for OAK." These requests are overbroad and seek confidential commercial information from a third party. Pursuant to Fed.R.Civ.P. 45(c)(3)(B), the court may quash a subpoena that "requires disclosure of a trade secret or other confidential research, development, or commercial information..." Based on the foregoing, United respectfully submits that it should not be required to comply with the Port's subpoena.

Sincerely,

FENNEMORE CRAIG, P.C.

*/s/ Brandi B. Balanda*

Brandi B. Balanda

cc:     Mackenzie C. Foellmer [mfoellmer@kmazuckert.com]