# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of California ▾

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:24-cv-02311-TSH |
| PORT OF OAKLAND | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      United Airlines, Inc. c/o 1505 Corporation CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☙ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Eugene Pak, Fennemore LLP, 1111 Broadway, Oakland, CA 94607 and/or email to swilley@fennemorelaw.com | Date and Time:  03/12/2025 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/25/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Stephen C. Willey |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant Port of Oakland                                                  , who issues or requests this subpoena, are:
Stephen C. Willey, Fennemore Craig, P.C. 1425 4th Avenue, Ste 800, Seattle, WA, 98101; swilley@fennemorelaw.com; 206-749-0500

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:24-cv-02311-TSH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

### **I.    Instructions**

1.      This subpoena seeks Documents and Communications (as defined herein) within United Airlines, Inc.'s possession, custody, or control.

2.      The Documents and Communications produced in response to these requests are to be produced as they are kept in the usual course of business and organized and labeled to correspond with the requests to which they are responsive.

3.      As used herein, the singular includes the plural and vice versa, the masculine includes the feminine and neuter genders, the past tense includes the present tense where the clear meaning is not distorted by change of tense, and "and" includes "or" and vice versa.

4.      If You believe that any part of these requests call for privileged information, Documents, or Communications, and You assert such privilege, then with respect to each item of information or each Document or Communication withheld provide a log which:

   a.   Describes the allegedly privileged Communication or the Document withheld;

   b.   Identifies all persons who were present during or participated in the allegedly privileged Communication, or the author(s) and recipient(s) of the Document withheld;

   c.   States the date of the allegedly privileged Communication or the Document withheld;

   d.   States the subject matter of the allegedly privileged Communication or the Document withheld;

   e.   States the type of Communication or Document withheld (e.g., letter, memorandum, or computer database);

   f.   States the number of pages in the Communication or Document withheld; and

1

g.  States the requests to which the allegedly privileged Communication or Document relates.

5.      These requests are continuing in nature and Your responses to them are to be promptly supplemented or amended if, after the time of Your initial responses, You learn that any response is or has become in some material respect incomplete or incorrect, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

6.      In responding to these requests, please furnish all Documents and Communications (anything tangible or intangible that may be discovered under the Federal Rules of Civil Procedure) that are within Your possession, custody, or control, including those in possession, custody, or control of Your employees, agents, officers, representatives, attorneys, investigators, or anyone else acting on Your behalf or under Your control.

7.      If You cannot respond to any request in full, please respond to the fullest extent possible, explain why You cannot respond to the remainder, and describe the nature of the Documents and/or Communications or things that You cannot provide.

8.      If You object to any portion of a request, please indicate whether You are withholding or failing to search for Documents or Communications on the basis of that objection and, if You are, respond to all portions of the request to which You do not object.

## II.    **Definitions**

1.      The terms "You", "Your" and "Yours" means United Airlines, Inc. and the entity doing business as United Airlines and its current or former officers, directors, principals, employees, partners, and any predecessors, joint ventures, parents, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, or agents, as well as anyone acting at its direction, under its control, or on its behalf.

2.      The term "Lawsuit" means the action pending in the United States District Court, Northern District of California captioned *City and County of San Francisco v. Port of Oakland*, Case No. 24-cv-02311-TSH.

3.      The term "including" means including, but not limited to.

2

4.      The term "Advance SF" means the organization Advance SF (https://advancesf.org/about-us/), including its employees, agents, representatives, and anyone acting on Advance SF's behalf.

5.      The term "April Opposition Letter" means the letter dated April 8, 2024, to which United Airlines is a signatory, a copy of which is attached hereto as **Exhibit 1**.

6.      The term the "City" means the named Plaintiff and Counterclaim Defendant in this Lawsuit, the City and County of San Francisco.

7.      The term "Group Letter" means the letter dated April 8, 2024, to which United Airlines is a signatory, a copy of which is attached hereto as **Exhibit 2**.

8.      The term the "Port" means the named Defendant and Counterclaimant in this Lawsuit, the City of Oakland, a municipal corporation, acting by and through its Board of Port Commissioners.

9.      The term "OAK" means the Port's airport identified by the International Air Transport Association ("IATA") code OAK.

10.     The term "SFO" means Plaintiff's airport identified by the IATA code SFO.

11.     The term "SF Bay Name" means the name the SAN FRANCISCO BAY OAKLAND INTERNATIONAL AIRPORT.

12.     The term "SF Travel" means the San Francisco Travel Association, a non-profit organization, also commonly referred to as SF Travel or San Francisco Travel, including its employees, agents, representatives, and anyone acting on SF Travel's behalf.

13.     The terms "Communication" and "Communications" mean and refer to any manner of transmitting, exchanging or receiving information of any kind, to or from a person or entity, whether written, oral, electronic, in the form of a document or otherwise (including, for example, emails, facsimiles, voicemails, text messages, group chats, and interaction or communication via any application or program such as WeChat, iMessenger, Instagram direct message, Twitter direct message, Slack, Zoom, Microsoft Teams, WebEx, or any ephemeral

3

messaging application), including any and all documents attached to or that accompany any such communication.

14.    The terms "Document" and "Documents" are used in the broadest possible sense and include, without limitation, not only matter set down on paper but also all responsive matter stored in computers or computer memory and any responsive matter fixed in any tangible means of expression, i.e., any tangible matter or any medium upon which information, thoughts or intelligence are recorded or from which they can be retrieved.  This includes but is not limited to all written or graphic matter, formal or informal, however created or reproduced, in Your possession, custody, care or control, including without limitation:

    a.  Papers, books, journals, ledgers, statements, purchase or sale confirmations, statements of accounts, invoices, work orders, estimates, bids, proposals, memoranda, reports, work papers, drafts, notes, transcriptions of notes, letters, correspondence, checks, graphic representations, films, photographs, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, marketing materials, commercials, scripts, signs or signage, messages, summaries, agreements, contracts, telegraphs, telexes, transcriptions of tapes or records, and any other writings or tangible things on which any handwriting, typing, printing, photostatic, visual, audio or other forms of communication or information are recorded or reproduced, as well as all notations on or pertaining to the foregoing;

    b.  All digital data or information, including e-mails, text messages, instant messages, social media account data, data and documents stored in any cloud accounts information within computer applications or any other cloud-based applications, information maintained on computer disks, drives, hard drives, databases, computer tapes, computer memory, RAM, SATA, SSD, NVMe, optical disks, CD-ROM, DVD or any other computer, portable media or device, or non-paper medium;

4

c.  All information of any kind transmitted to or received from any person or entity, including without limitation email messages, facsimiles, voicemail messages, text messages, group chats, and interaction or communication via any application or program such as WeChat, iMessenger, Instagram direct message, Twitter direct message, Slack, or Zoom, and any and all documents attached to or accompanying any such communication;

d.  All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not; and

e.  Originals and all copies not absolutely identical to said originals.

15. The term "Exchange" or "Exchanged" means sent or received.

### III.    <u>Requests for Documents</u>

1.    All Documents and Communications that discuss, refer to, or concern the SF Bay Name, including but not limited to any and all such Documents and Communications Exchanged between You (including but not limited to those involving or including Papia Gambelin) and any third party.

2.    All Documents and Communications that discuss, refer to, or concern the April Opposition Letter.

3.    All Documents and Communications that discuss, refer to, or concern the Group Letter.

4.    All Documents and Communications relating to Your opposition to the Port's potential or actual adoption of the SF Bay Name for OAK.

5.    All Documents and Communications relating to Your opposition to the Port's potential or actual use of the SF Bay Name for OAK.

6.    All Documents and Communications that discuss, refer to, or concern any decision the City has made with respect to the Port's contemplated or actual modification of OAK's name from the "Metropolitan Oakland International Airport" to the "San Francisco Bay Oakland International Airport."

7.      All Documents and Communications that discuss, refer to, or concern any potential or actual change to or modification of OAK's name.

8.      All Documents and Communications that discuss, refer to, or concern OAK that were created or Exchanged on or between January 1, 2022 and present.

9.      All Documents and Communications concerning any actual or potential impact or effect on You because of OAK having the SF Bay Name.

10.     All Documents and Communications reflecting or referencing a complaint or the expression of a negative opinion or view of SFO or the City that You received from any prospective or actual customer or passenger on or between January 1, 2022 and the present.

11.     All Documents and Communications concerning Your involvement, feedback, opinion, response, input, or participation in the City's legal strategy against the Port including the decisions to initiate and pursue the Lawsuit and seek injunctive relief.

12.     All Documents and Communications concerning whether You, the City, or any other person or entity has been harmed and/or is likely to be harmed by the Port's use of the SF Bay Name for OAK.

13.     All Documents and Communications concerning the City's claim for injunctive relief.

14.     All Documents and Communications concerning the Court's issuance of a preliminary injunction including but not limited to the related appeal.

15.     All Documents and Communications Exchanged between You and Advance SF related to the SF Bay Name.

16.     All Documents and Communications Exchanged between You and Advance SF that discuss, refer to, or concern OAK that were Exchanged on or between January 1, 2023 and the present.

17.     All Documents and Communications Exchanged between You and SF Travel related to the SF Bay Name.

18.     All Documents and Communications Exchanged between You and SF Travel that discuss, refer to, or concern OAK that were Exchanged on or between January 1, 2023 and present.

19.     All Documents and Communications Exchanged between You and any other airline that discuss, refer to, or concern the Lawsuit or its subject matter.

20.     All Documents and Communications Exchanged between You and any public relations professionals or firms, lobbyists, journalists, or news reporters relating to the SF Bay Name.

21.     All Documents and Communications Exchanged between You and any public relations professionals or firms, lobbyists, journalists, or news reporters that discuss, refer to, or concern OAK or the Port, Exchanged on or between January 1, 2024 and present.

22.     All Documents and Communications concerning Your efforts to identify, track, and respond to any reports of confusion by any of Your prospective or actual customers or passengers related to OAK which were created or Exchanged on or between January 1, 2020 and present.

23.     All Documents and Communications concerning the Lawsuit including the claims, defenses, and factual allegations asserted.

# EXHIBIT 1



April 8, 2024

Port Commission
Oakland, CA

Dear Port of Oakland Board of Commissioners,

On behalf of United Airlines, I am writing to express our firm opposition to the proposed name change of
Oakland International Airport to San Francisco Bay Oakland International Airport.

United Airlines, as you are aware, operates a major hub at San Francisco International Airport. Our hub
in San Francisco is a critical component of our operations, serving as a gateway for countless travelers to
and from destinations around the world. Over the years, we have invested significant resources in
developing and maintaining our presence at San Francisco International Airport, ensuring that our
passengers receive the highest level of service and convenience.

The proposed name change to San Francisco Bay Oakland International Airport would undoubtedly
create unnecessary confusion for travelers. While we understand the desire to highlight the airport's
proximity to the San Francisco Bay, we believe that such a change could lead to misunderstanding among
passengers, particularly those who are unfamiliar with the geography of the region. Travelers may
mistakenly assume that San Francisco Bay Oakland International Airport is located in San Francisco itself,
leading to potential confusion and inconvenience.

Furthermore, renaming Oakland International Airport in this manner could dilute the distinct identity
and brand recognition that the airport has worked hard to establish over the years. Oakland
International Airport serves as an important transportation hub in its own right, offering convenient
access to the East Bay region and beyond. We believe that it is essential to preserve and promote the
unique identity of Oakland International Airport, rather than subsuming it under the umbrella of San
Francisco.

In conclusion, United Airlines respectfully opposes the proposed name change of Oakland International
Airport to San Francisco Bay Oakland International Airport. We urge the Oakland International Airport
Authority to reconsider this decision and to maintain the current name of the airport. Doing so will help
to prevent confusion among travelers and preserve the identity of Oakland International Airport as a
vital transportation hub in its own right.

Thank you for considering our perspective on this matter. We remain committed to working
collaboratively with Oakland leaders the to ensure the continued success and growth of the airport.

Sincerely,
DocuSigned by:

Papia Gambelin

Papia Gambelin
Managing Director, State & Local West Region
Government Affairs
United Airlines

# EXHIBIT 2

April 8, 2024

Port of Oakland Commission
530 Water Street
Oakland, California 94607

**RE: Letter of Opposition to the proposed renaming of the Oakland International Airport to "San Francisco Bay Oakland International Airport"**

Dear Port of Oakland Board of Commissioners,

We are writing to express our opposition to the proposed renaming of the Oakland International Airport to the "San Francisco Bay Oakland International Airport." While we appreciate the desire to acknowledge the geographical region served by the airport, we believe that renaming the airport could lead to confusion among travelers. The airport renaming also has the potential for unintended economic impacts on businesses that have goods and products delivered by plane to the region due to their similar names.

San Francisco International Airport is already a prominent transportation hub in the region, serving 50 million passengers in 2023. Renaming Oakland International Airport to include "San Francisco Bay" in its title could inadvertently lead travelers to believe that the airport is located in San Francisco itself, rather than in the neighboring city of Oakland. This confusion could result in logistical challenges for travelers and ultimately harm the reputation of both airports.

Moreover, renaming Oakland International Airport could disrupt the market dynamics of the Bay Area airports. Each airport in the region has developed unique brand identities. By renaming Oakland International Airport to include "San Francisco Bay" in its title, we risk blurring the lines between the two airports and undermining their positions and identities.

We believe that renaming Oakland International Airport to the San Francisco Bay Oakland International Airport is unnecessary and potentially detrimental to the airport's brand and identity.We urge the Port of Oakland Commission to reject this proposal and instead focus on strategies that will strengthen the airport's position as a vital transportation hub in the Bay Area.

Sincerely,











ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): *FOR COURT USE ONLY*
STEPHEN C. WILLEY
FENNEMORE WENDEL
1111 Broadway Fl 24   Oakland, CA 946074139

TELEPHONE NO.: (510) 622-7507 | FAX NO. | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name):* DEFENDANT: PORT OF OAKLAND

**UNITED STATES DISTRICT COURT**

STREET ADDRESS: 450 GOLDEN GATE AVENUE, BOX 36060
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME: FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF:  CITY AND COUNTY OF SAN FRANCISCO

DEFENDANT:  PORT OF OAKLAND

CASE NUMBER:
3:24-cv-02311-TSH

| **PROOF OF SERVICE** | Hearing Date: 3/12/2025 Time: 5:00 PM | Ref. No. or File No.: |
|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; EXHIBIT A**

PARTY SERVED:  **UNITED AIRLINES, INC. C/O 1505 CORPORATION CSC - LAWYERS INCORPORATING SERVICE**

DATE & TIME OF DELIVERY:  **2/26/2025
12:54 PM**

ADDRESS, CITY, AND STATE:  **2710 Gateway Oaks Dr Ste 150N
Sacramento, CA 958333502**

MANNER OF SERVICE:
  Personal Service - By personally delivering copies.



Fee for Service: $ 163.50
          County:  PLACER
          Registration No.:  03-007
          ONE HOUR PROCESS SERVICE
          2920 CAMINO DIABLO
          WALNUT CREEK, CA 94597
          (925) 947-3470

I declare under penalty of perjury under the laws of the
The State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  February 26, 2025.

Signature: _____

                                        ROBERT MASON

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]                                        814210                                        Order#: 39529/General