UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>    v.<br><br>PORT OF OAKLAND,<br><br>    Defendant. | Case No. 24-cv-02311-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 99 |

    Defendant Port of Oakland moves to compel concerning its February 25, 2025 subpoena to United Airlines, Inc. ("United"). First we have to figure out if United waived its objections to the subpoena by failing to timely respond. The proof of service (ECF No. 99-1, Ex. A) shows United was served on February 26, 2025. United's objections are dated May 12, 2025 (ECF No. 99-1, Ex. C), which is way past the deadline specified for compliance or 14 days after the subpoena was served (*see* Fed. R. Civ. Proc. 45(d)(2)(B)), which here are the same day: March 12, 2025.

    "While a nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived, in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena." *Acer Inc. v. Technology Properties Ltd.*, 2010 WL 4807101, *3 (N.D. Cal. Nov. 19, 2010) (cleaned up). Here, the Port served United Airlines Holding Inc. ("UAH") with a substantively identical subpoena[1] on the same day (ECF No. 99-1, Ex. B), and there is no dispute that UAH timely served objections. United states without contradiction that its untimely objections are identical to the timely objections served by UAH. The Court finds that under these

---

[1] There are minor word differences in RFPs 1, 4, 5, 9-12 and 22.

1  circumstances, UAH's objections timely put the Port on notice of what United's objections were.
2  Specifically, UAH is a holding company that says it doesn't have any responsive documents, so
3  objections based on burden and so on could only have been references to United. Accordingly, the
4  Court finds that United has not waived its objections.

5      On the merits, the real issue is that, according to Wikipedia, United has more than 107,000
6  employees. All 23 RFPs in the subpoena seek relevant documents, but the Court is not going to
7  order United to perform a company-wide search for "all" of them. Instead, the Court **ORDERS**
8  United to identify a reasonable number of custodians who are likely to have responsive
9  documents, as well as to identify non-custodial sources that are likely to have responsive
10 documents. The Court **ORDERS** the Port and United to meet and confer, and in that meet and
11 confer United must explain to the Port why it identified those custodians and non-custodial
12 sources – for example, did these people work on these issues, or were documents related to these
13 issues stored in a particular place. The Court suspects there weren't that many people at United
14 who were involved in the issues covered by the subpoena and that this subpoena is easy to comply
15 with. Once United and the Port have reached agreement on custodial and non-custodial sources,
16 then United should promptly search for responsive documents and produce them.

17     The above discussion addresses United's overbreadth and scope arguments. As for its
18 objection that many of the RFPs are not limited in time, that objection has no merit as to RFPs 1-6
19 and 8-23, which are necessarily limited in time due to what they ask for. RFP 7 is potentially
20 unlimited in time, so the Court will limit it to January 1, 2022 to the present.

21     United also objects that many of the documents sought by the subpoena could be obtained
22 from Plaintiff City and County of San Francisco. The Court disagrees that "many" of them could
23 be obtained from Plaintiff, but some of them (such as communications between United and San
24 Francisco) could be. However, the Court thinks that the people who had external communications
25 with San Francisco are probably the same people who had internal communications within United
26 on the same subjects. Those people should be identified as document custodians, and it would be
27 more burdensome, rather than less, to search through their communications for the ones that are
28 responsive and then to subtract from that set ones on which San Francisco is copied. Therefore,

1  this objection is overruled.

2  Finally, United objects that many of the RFPs seek confidential and proprietary
3  information related to United's business. However, the way to address that issue is for the parties
4  to submit a proposed protective order to protect confidential information.

5  Accordingly, the Court **ORDERS** San Francisco, the Port and United to meet and confer
6  on the form of a proposed protective order for this action. Within seven days, they shall file either
7  (1) a jointly proposed protective order, or (2) a joint discovery letter brief setting forth each side's
8  position together with competing proposed protective orders.

9  The Court **GRANTS** the Port's motion to compel as stated above and **ORDERS** the Port
10  and United to meet and confer as described above within seven days and to file a status report
11  concerning their discovery dispute within 14 days.

12  **IT IS SO ORDERED.**

14  Dated: June 10, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

3