Mary C. Richardson (Bar No. 208586)
Port Attorney
mrichrdson@portoakland.com
Kimberly I. McIntyre (Bar No. 184648)
Deputy Port Attorney
kmcintyre@portoakland.com
**PORT OF OAKLAND**
530 Water Street
Oakland, California  94607
Tel: (510) 627-1572 / (510) 627-1205

Eugene M. Pak (Bar No. 168699)
epak@fennemorelaw.com
**FENNEMORE LLP**
1111 Broadway, 24th Floor
Oakland, California  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928

Stephen C. Willey (Bar No. 209164)
swilley@fennemorelaw.com
Brandi B. Balanda (*Pro Hac Vice*)
bbalanda@fennemorelaw.com
Sarah Gohmann Bigelow (Bar No. 245553)
sgohmann@fennemorelaw.com
**FENNEMORE CRAIG, P.C.**
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101
Tel: (206) 749-0500 / Fax: (206) 749-0500

Attorneys for Defendant and Counterclaimant City of Oakland, a municipal corporation, acting by and through its Board of Port Commissioners (Port of Oakland)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND AND PORT OF OAKLAND,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 3:24-CV-02311-TSH<br><br>JOINT STATUS REPORT REGARDING DISCOVERY DISPUTE |

1

Pursuant to this Court's June 10, 2025 Discovery Order (ECF No. 100), Defendant Port of Oakland (the "Port") and third party United Airlines, Inc. ("United"), submit this status report concerning their discovery dispute.

## I.    The Port's Subpoena to United

The Port's subpoena seeks documents and communications concerning the name "San Francisco Bay Oakland International Airport" (the "SF Bay Name") for OAK, as well as other potential or actual changes to OAK's name. The requests seek communications and documents concerning the potential or actual impact on United from an OAK name change as well as United's efforts to oppose an OAK name change, including documents and communications concerning specific opposition letters sent by United and attached as exhibits to the subpoena. The subpoena also seeks documents and communications concerning United's involvement in this lawsuit including in the City's legal strategy and claim for injunctive relief. Other requests are targeted at seeking information about alleged consumer confusion.

## II.    The Parties' Meet and Confer and United's Identification of One Custodian

The Port and United met and conferred on June 17, 2025. During the meet and confer, United represented that the only custodian who is likely to have any documents responsive to any of the requests set forth in the Port's subpoena, is one person: Papia Gambelin. Counsel for the Port noted that with the exception of Request No. 7—which this Court limited to January 1, 2022 to the present—no limitations have been imposed on the scope of the documents which are requested in the subpoena's requests. United agreed and confirmed that Ms. Gambelin is the only United custodian who is likely to have any responsive documents, not limited by any objections or otherwise. United notes, however, that the Court found that United did not waive its objections.

Port counsel asked United's counsel to confirm that Ms. Gambelin did not work or communicate with anyone else at United about the subject matter of the requests. According to United it is possible that other United custodians were copied on certain emails but no other person at United initiated any responsive communications, other than being copied on certain emails from Ms. Gambelin.

The Port notes that it remains surprised by United's representation that Ms. Gambelin is the only United custodian who is likely to have any responsive documents given both the substance of the subpoena and that United belatedly objected to the subpoena by claiming it would be overly burdensome to respond to it. United maintains that its objections were appropriate and accurate.

### III. United's Identification of Non-Custodial Locations

According to United, there are zero non-custodial locations where responsive documents are likely to be located. In other words, all responsive documents are likely to be in Ms. Gambelin's custodian-specific locations.

### IV. Production Format

The Port's Position: That United should produce documents as Bates-stamped searchable PDFs with a delimited DAT file containing the associated metadata. Document types that can't easily be converted to PDF, will be produced in native file format.

United's Position: That United should produce documents as Bates-stamped searchable PDFs with text recognized. United agrees that document types that can't easily be converted to PDF, will be produced in native file format.

### V. Production Timing

The Port's Position:  At the June 17 meet and confer, Port counsel proposed that United complete its production on or around June 24. United's position is that it needs until July 8—four weeks from the Court's June 10 Discovery Order—to produce Ms. Gambelin's documents. The Port believes that a June production is reasonable including because: (1) United is only collecting from one custodian, Ms. Gambelin, and the requests are targeted in their scope and time period, (2) United's documents are long overdue – **the Port's subpoena was served on February 26, 2025 – over four months ago**, and (3) the Port is concerned that further delay by United may be detrimental to the Port, particularly if follow-up is needed based upon what United does produce given the September 30, 2025 fact discovery cutoff deadline. The parties discussed this issue but United did not articulate why it needed four weeks to comply with the overdue subpoena. The

1  Port notes that the requests for production are necessarily limited and narrow given the subject
2  matter of the requests. The Port respectfully asks that the Court enter an order requiring United to
3  complete its production by **June 30, 2025**.

4      <u>United's Position</u>:  On June 17, 2025, United identified the custodian of potentially
5  responsive documents to the Port's subpoena. Contrary to the Port's characterization, the 23
6  requests for production are neither limited nor narrowly tailored in scope or timeframe. The Port
7  seeks documents dating from January 1, 2020, to the present – except where the Court has limited
8  a certain request to documents from January 1, 2022, onward. As explained during the meet and
9  confer conference, United's custodian will require time to search for responsive documents, many
10 of which may be archived given that the Port is seeking documents dating back more than five
11 years. The Port has not demonstrated any specific prejudice or urgency, such as scheduled
12 depositions, nor has it identified any other efforts made in discovery to San Francisco or other
13 third parties to obtain responsive documents.

14     During the meet and confer conference, United explained that Ms. Gambelin would need
15 approximately three weeks, until July 8, 2025, to search for and compile responsive documents.
16 Additionally, counsel for United will require time to review the documents for privilege and, if
17 necessary, to prepare a privilege log. Providing the documents within three weeks of identifying
18 the custodian, by July 8, is a reasonable timeframe. The Port has not established any valid
19 justification for compelling earlier production, nor has it shown that receiving the documents on
20 July 8 rather than June 30 would result in any meaningful prejudice.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

4

Dated: June 24, 2025.

| | |
|---|---|
| **FENNEMORE LLP & FENNEMORE CRAIG, P.C.** | **KMA ZUCKERT CA LLP** |
|   *s/ Brandi B. Balanda*<br>Eugene M. Pak<br>1111 Broadway, 24th Floor<br>Oakland, California 94607<br>Tel: (510) 834-6600<br>Fax: (510) 834-1928<br>Email: epak@fennemorelaw.com<br><br>Stephen C. Willey<br>Brandi B. Balanda<br>Sarah Gohmann Bigelow<br>1425 Fourth Avenue, Suite 800<br>Seattle, Washington 98101<br>Tel: (206) 749-0500<br>Fax: (206) 749-0500<br>Email: swilley@fennemorelaw.com<br>Email: bbalanda@fennemorelaw.com<br>Email: sgohmann@fennemorelaw.com<br><br>*Attorneys for Defendant and Counterclaimant City of Oakland, a municipal corporation, acting by and through its Board of Port Commissioners (Port of Oakland)* | By:   *s/ Mackenzie C. Foellmer*<br>Mackenzie C. Foellmer<br>Rachel S. Nevarez<br>111 West Ocean Boulevard, Suite 400<br>Long Beach, California 90802<br>Telephone: (562) 549-3336<br>Email: mfoellmer@kmazuckert.com<br>Email: rnevarez@kmazuckert.com<br><br>*Attorneys for Third Party, United Airlines, Inc.* |