1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

11

CITY AND COUNTY OF SAN FRANCISCO,    | Case No. 3:24-cv-02311-TSH

12

Plaintiff,    | **STIPULATED ORDER RE:**
**DISCOVERY OF ELECTRONICALLY**
**STORED INFORMATION**

13

v.

14

CITY OF OAKLAND AND PORT OF
OAKLAND,

15

Defendants.

16

17

18

CITY OF OAKLAND, A MUNICIPAL
CORPORATION, ACTING BY AND
THROUGH ITS BOARD OF PORT
COMMISSIONERS (PORT OF OAKLAND),

19

20

Counterclaimant,

21

v.

22

CITY AND COUNTY OF SAN FRANCISCO,

23

Counterclaim Defendant.

24

25

26

27

28

STIPULATED ORDER RE: ESI                                         CASE NO.: 3:24-CV-02311-TSH

## 1.    PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. To the extent a Party reasonably believes that compliance with this Order imposes an undue burden with respect to any protocol or source, the parties shall promptly confer in an effort to resolve the issue.

## 2.    COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3.    LIAISON

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4.    PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)    Only ESI created or received between January 1, 2015 and present date will be preserved;

b)    The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist[,]" and "marketing manager." The parties shall add or remove custodians as reasonably necessary.

STIPULATED ORDER RE: ESI
1
CASE NO.: 3:24-CV-02311-TSH

c)    The parties are currently not aware of any data sources that are likely to contain responsive information but which are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B). If any party becomes aware of any such data source, the parties will meet and confer in good faith about whether that data should be preserved and/or collected.

## 5.    SEARCH

The parties agree that in responding to Fed. R. Civ. P. 34 requests, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6.    PRODUCTION FORMATS

a)    With respect to documents previously produced by the parties in response to requests under the California Public Records Act, the San Francisco Sunshine Ordinance, and/or the Port of Oakland Sunshine Ordinance (collectively, "Previously Produced PRA Documents"), the parties agree as follows to the extent that any Previously Produced PRA Documents are responsive to a request for production served by any party in this case:

    i.    Any Previously Produced PRA Documents that were previously produced in native file format will be produced in this litigation in native file format with the accompanying metadata fields listed in Attachment A (to the extent available);

    ii.    Any Previously Produced PRA Documents that cannot easily be converted to image format, will be produced in native file format with the accompanying metadata fields listed in Attachment A (to the extent available);

    iii.    Any Previously Produced PRA Documents that are emails will be produced in a format that complies with Section 6(b)-(f) below including with an accompanying load file containing the metadata fields listed in Attachment A;

    iv.    For all other Previously Produced PRA Documents not addressed in Section 6(a)(i)-(iii), a party may produce those documents in the same format in which they were previously produced (e.g., PDFs), provided that (i) OCR is performed; (ii) a load file (with accompanying metadata fields listed in Attachment A to the extent available from the metadata of the Previously Produced PRA Document) is provided; (iii) the Previously Produced PRA Documents are given new Bates numbers consistent with this Stipulated Order; and (iv) the Previously Produced PRA Documents are unitized (i.e. PDFs are separated by document in order to maintain the original document structure).

Notwithstanding the above, each party reserves the right to request production of any Previously Produced PRA Document in a format that complies with Section 6(b)-(f) below. Each party agrees to act reasonably and in good faith in requesting production of a Previously Produced PRA Document in a format that complies with Section 6(b)-(f). There is a presumption that upon request, Previously Produced PRA Documents should be produced in a format that complies with Section 6(b)-(f) below even if that requires the producing party to re-collect the native version of the Previously Produced PRA Document.

b)      The parties agree to produce ESI, with searchable text, in one of the following formats TIFF (single-page, 300 DPI, CCITT Group IV, black and white), JPG (300 DPI), or PDF (multi-page) (collectively "Images"). Images shall be produced with a delimited DAT file containing the metadata fields listed in Attachment A, accompanied by an Opticon (OPT) cross-reference file and corresponding document-level extracted text. Document types that can't easily be converted to image format, will be produced in native file formats with accompanying metadata fields listed in Attachment A to the extent available. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

c)      For documents produced as Images, each Image shall have a unique file name which will be the Bates number of that page followed by its file extension (e.g., BATES000001.TIF). The Bates number must appear on the face of the Image (e.g., BATES000001).

d)      Documents produced natively shall have a Bates-numbered placeholder image associated with the native document with that Bates number.

e)      For each document produced in Image or native format, a document-level extracted text file shall be provided or OCR (for documents that have been redacted or documents without extractable text). The text of ESI shall be extracted directly from the native file and shall be provided in searchable UTF-8 Unicode text format and shall be named with a unique Bates number (*e.g.*, the unique beginning Bates number of its corresponding produced version of the document followed by its file extension (e.g., BATES000001.TXT)).

f)      With respect to documents containing redacted text, OCR of the non-redacted portions of the document will be provided.  No party shall be obligated to OCR ESI that contains no extractable text.  ESI items shall be processed as to preserve the date/time shown in the document as it was last saved, to the extent reasonably available, not the date of collection or processing.  The Parties shall endeavor to produce in Pacific Time Zone.  The parties agree not to degrade the searchability of documents as part of the document production process.

## 7.      DOCUMENTS PROTECTED FROM DISCOVERY

The following presumptions shall apply. If a party believes that there is a need to provide a more detailed privilege log in order to assess the withholding party's assertion of privilege, the parties will meet and confer in good faith and seek guidance from the Court if they cannot reach agreement. There is a presumption that the following types of documents need not be placed on a privilege log:

a)      Communications between the parties and their respective counsel of record, and which do not include third-parties, that post-date the filing of the complaint; and

b)      Work product created after the filing of the complaint.

## 8.      MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

1   Dated: July 7, 2025                         COOLEY LLP

2

3                                               By:    /s/ Judd Lauter
                                                    Bobby Ghajar
4                                                   John Hemann
                                                    Judd Lauter
5                                                   Ryan Stevens
                                                    Jessica Williams
6
                                                *Attorneys for Plaintiff and Counterclaim*
7                                               *Defendant City and County of San Francisco*

8   Dated: July 7, 2025                         FENNEMORE LLP & FENNEMORE CRAIG,
                                                P.C.
9

10

11                                              By:    /s/ Sarah Gohmann Bigelow
                                                    Eugene M. Pak
12                                                  Stephen C. Willey
                                                    Brandi B. Balanda
13                                                  Sarah Gohmann Bigelow

14                                              *Attorneys for Defendant and*
                                                *Counterclaimant City of Oakland, a*
15                                              *municipal corporation, acting by and*
                                                *through its Board of Port Commissioners*
16                                              *(Port of Oakland)*

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED ORDER RE: ESI                                CASE NO.: 3:24-CV-02311-TSH

1
## **PROPOSED ORDER**

2
    **IT IS SO ORDERED** that the forgoing Agreement is approved.

3

4

5
Dated: _____

6
                                     Honorable Thomas S. Hixson
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED ORDER RE: ESI                                  CASE NO.: 3:24-CV-02311-TSH

6

1

## **ATTACHMENT A**

2

The Parties agree to provide the following metadata fields for ESI as required by Section 6

3

of the ESI Protocol, to the extent such metadata exists:

4

| Field Name | Description |
|---|---|
| FILEPATH | Original file system path, not including file name |
| DATEMOD | Date last modified, file system metadata |
| TIMEMOD | Time last modified, file system metadata |
| DATECREATE | Date created, file system metadata |
| TIMECREATE | Time created, file system metadata |
| FILEEXT | File extension of document after last period in file name |
| NATIVEFILE | Relative path to file for documents being produced as native |
| TEXTFILE | Relative path to OCR or extracted text file |
| HASHVALUE | SHA-1 or MD5 checksum result, used to identify exact duplicates |
| PAGECOUNT | Number of pages comprising the document |
| REDACTED | An indication of whether the document has been redacted |
| FILENAME | The name of the file as it was originally saved including its extension |
| BEGBATES | The first Bates number of a document |
| ENDBATES | The last Bates number of a document |
| BEGATTACH | The beginning Bates number of an attached family |
| ENDATTACH | The last Bates number of an attached family |
| FROM | The sender of the email |
| TO | All recipients that were included on the "To" line of the email |
| CC | All recipients that were included on the "CC" line of the email |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTACHMENT A

CASE NO.: 3:24-CV-02311-TSH

1

| BCC | All recipients that were included on the "BCC" line of the email |
|---|---|
| DATETIMERECEIVED | Date and time email was received (format: MM/DD/YYYY HH:MM SS) as processed per the TIMEZONE field |
| DATETIMESENT | Date and time email was sent (format: MM/DD/YYYY HH:MM SS) as processed per the TIMEZONE field |
| EMAILSUBJECT | Subject line of email pulled from the document properties |