UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, <br><br> Plaintiff, <br><br> v. <br><br> PORT OF OAKLAND, <br><br> Defendant. | Case No.  24-cv-02311-TSH <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 113 |

In the First Amended Complaint, Plaintiff City and County of San Francisco sues Defendant Port of Oakland for trademark infringement, unfair competition and false designation of origin, and common law trademark infringement, arising out of the Port's March 2024 decision to change the name of the Oakland International Airport to "San Francisco Bay Oakland International Airport." ECF No. 12.  On November 12, 2024, the Court granted San Francisco's motion for a preliminary injunction, restraining the Port from using that name. ECF No. 77. The Port appealed, ECF No. 87, and that appeal remains pending.

In July 2025, the Port renamed the airport again, this time calling it the "Oakland San Francisco Bay Airport." San Francsico did not move to amend the complaint to allege that the new name infringes the City's mark. San Francisco now seeks broad discovery concerning the new name. At issue are RFPs 54-64, which request:

> REQUEST FOR PRODUCTION NO. 54: All DOCUMENTS and COMMUNICATIONS CONCERNING the conception, creation, and development of the NEW MARK, including but not limited to alternate names or trademarks that YOU considered and any testing or studies (research, surveys, focus groups, etc.) that YOU conducted RELATING to all such names or trademarks, including the NEW MARK.
>
> REQUEST FOR PRODUCTION NO. 55: All COMMUNICATIONS

|   |   |
|---|---|
| 1 | between YOU and residents and businesses of BAY AREA COUNTIES CONCERNING YOUR adoption of the NEW MARK and/or any concerns related to the NEW MARK. |

REQUEST FOR PRODUCTION NO. 56: All COMMUNICATIONS between YOU and public relations professionals, journalists, or news reporters, CONCERNING the NEW MARK.

REQUEST FOR PRODUCTION NO. 57: All COMMUNICATIONS CONCERNING responses to inquiries from travelers about the NEW MARK.

REQUEST FOR PRODUCTION NO. 58: DOCUMENTS sufficient to show any formal or informal market studies, investigations, focus groups, public opinion polls, reports, market research, or analyses CONCERNING the NEW MARK.

REQUEST FOR PRODUCTION NO. 59: All DOCUMENTS CONCERNING the creation, design, and contents of any websites social media pages, and/or blogs about the NEW MARK.

REQUEST FOR PRODUCTION NO. 60: All DOCUMENTS CONCERNING the renaming or rebranding of any websites, domain names, social media pages, and/or blogs in connection with the NEW MARK.

REQUEST FOR PRODUCTION NO. 61: DOCUMENTS sufficient to show YOUR plans to expand YOUR services based on the NEW NAME.

REQUEST FOR PRODUCTION NO. 62: All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR consideration of whether to file new trademark applications for or record as a fictitious business name the NEW MARK.

REQUEST FOR PRODUCTION NO. 63: All DOCUMENTS and COMMUNICATIONS RELATING to any actual or suspected instance of consumer confusion caused by YOUR use of the NEW MARK, including COMMUNICATIONS between YOU and customers, and between OAKLAND AIRPORT personnel.

REQUEST FOR PRODUCTION NO. 64: All DOCUMENTS and COMMUNICATIONS CONCERNING to YOUR efforts to identify, track, and respond to confusion caused by YOUR use of the NEW MARK.

The Court **DENIES** San Francisco's motion to compel. This is broad and sweeping discovery into a trademark claim that isn't, or that is not yet, part of this case. Or perhaps it is discovery into some forthcoming new trademark lawsuit. However, discovery is supposed to be relevant and proportional to the claims and defenses in the case, *see* Fed. R. Civ. Proc. 26(b)(1), not to potential future claims in this or some other lawsuit. Even if there is some slight relevance

to portions of these RFPs, this wholesale discovery into some unasserted trademark claim is not proportional to the needs of the case.  Accordingly, San Francisco's motion to compel is denied.

**IT IS SO ORDERED.**

Dated: October 20, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge